## SUPREME COURT.

### SMITH and others agt. ROSENTHALL.

An affidavit of verification, of a complaint on a promissory note, made by an attorney of the plaintiff, stating, in addition to what is required in an affidavit of verification by a party, that he is such attorney, and that he has in his possession the note on which the action is brought, is a sufficient verification.

*Monroe Special Term, October,* 1855.

MOTION to set aside the judgment in favor of the plaintiffs for irregularity.

C. G. LOEBER, *for defendant.*

J. L. ANGLE, *for plaintiffs.*

T. R. STRONG, Justice. The principal question on this motion is, as to the sufficiency of the affidavit of verification of the complaint. If it is insufficient, the answer of the defendant, although not verified, should have been received, and the judgment entered as upon a default to answer, is irregular, and must be set aside.

The complaint is upon a promissory note, alleged to have been made by the defendant to the plaintiffs, and is wholly upon information and belief. The verification is by the affidavit of one of the attorneys of the plaintiffs, who states, in addition to what is required in an affidavit of verification by a party, that he "has in his possession the promissory note on which the action is brought." That is the whole of the affidavit.

It is insisted, on the part of the defendant, that the affidavit is defective in omitting to state the grounds of the belief of the attorney that the complaint is true, and the reason why it is not made by the party ; and the precise points presented are, whether the third clause of § 157, of the Code, is applicable to

such a case; and if it is, whether it is satisfied by the affidavit in question.

The first clause of § 157 prescribes what the verification must be in substance, and that it must be by the affidavit of the party, &c., if such party be within the county where the attorney resides, and be capable of making the affidavit. By the next clause it is provided, that the affidavit may also be made by the agent or attorney, if the action or defence be founded upon a written instrument for the payment of money only, and such instrument be in possession of the agent or attorney, or if all the material allegations of the pleading be within the personal knowledge of the agent or attorney. The third clause directs, that when the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge or the grounds of his belief on the subject, and the reasons why it is not made by the party.

The true construction of the portion of the section now given, in my opinion, is, that the verification must be by the affidavit of the party, if he be within the county where the attorney resides, and is capable of making it ; unless the action or defence is founded on a written instrument for the payment of money only, and such instrument is in the possession of the agent or attorney, or unless all the material allegations of the pleading are within the personal knowledge of the agent or attorney; in which cases the verification may be either by the party, when capable, or of his agent or attorney. If the party be not within the county, he may make the affidavit, and in such a case, or when the party is incapable, an agent or attorney may make it, whatever may be the foundation of the action or defence, and whether he has possession of the instrument, when the action is founded on a written instrument, or not, or whether or not the allegations of the pleading are within his personal knowledge. This is not expressly provided for : the section is silent as to the persons by whom the affidavit shall be made, except in the cases specified,—when the party is within the county of the attorney and capable of making it, and when the action is founded upon a written instrument, &c., which is in the pos-

Smith and others agt. Rosenthall.

session of the agent or attorney, or when the agent or attorney has personal knowledge of all the material allegations;—but I think it a fair implication, that in all other cases the party, when he can do so, or any person in his behalf, may make the affidavit. But in every case of a verification by any other person than the party, whether either of those particularly specified in the section or not, the person making the affidavit shall set forth in it his knowledge, when any part of the pleading is stated on knowledge, and the grounds of his belief, when anything is stated upon belief, or generally upon information and belief, of the truth of the matters of the pleading.

In the cases embraced by the second clause of the section, however, when the action or defence is upon a written instrument in possession of the agent or attorney; or all the material allegations are within the personal knowledge of the agent or attorney, the requirement of the third clause is complied with, by stating the fact of possession or of personal knowledge of the truth of the pleading. No further setting forth of the knowledge of the person verifying the pleading, or of reasons why the affidavit is not made by the party, is necessary.

The spirit of the section demands, that the person verifying the pleading should have personal knowledge, or reasonable grounds of belief, that the pleading *is* true; and an affidavit by a person not having such knowledge or grounds of belief, would be an abuse of the law, which the courts have ample power to correct. It is not enough in any particular case, that the affidavit may be made by another person than the party : the person making it must have knowledge, or a fair basis for his belief, so that the verification will be a substantial and not a mere formal act, and calculated to answer the same purpose as a verification by a party ; and his knowledge, or the facts upon which his belief rests, must appear in the affidavit. Added to this, some good reason must be given why the affidavit is not made by the party. But in the cases provided for in the second clause of the section, the legislature have virtually declared, that the possession of the instrument is a sufficient ground of belief of the truth of the pleading, and that personal knowledge

of its truth is sufficient knowledge, and that either such possession, or such knowledge, is a sufficient reason why the verification is not by the party. The affidavit of the party or of the agent or attorney is sufficient in those cases, although the party is within the county of the attorney; the affidavit of the agent or attorney, in such cases, being regarded as equivalent to one by the party. (*Stannard.* agt. *Mattice,* 7 *How. Prac. R.* 4, 7; *Lefevre* agt. *Latson,* 5 *Sand. Sup. Ct. R.* 650, 651.)

I regard it as quite clear, that an affidavit by an agent or attorney, in the ordinary form of a verification by a party, with the addition that the person making it has personal knowledge that the pleading is true, would be sufficient; and I think it not less clear when the action or defence is upon a written instrument for the payment of money only, and the pleading is upon information and belief, that the affidavit would be good, if, in place of that addition, it was stated by the agent or attorney that the instrument was in his possession, and that this was the ground of his belief, and the reason why the party did not make the affidavit. The express statement, that the belief referred to is founded upon the possession of the instrument, and that such possession is the reason why the affidavit is not made by the party, adds no force to the affidavit in the latter case, and may be dispensed with; it is sufficient if the fact of possession is stated; the conclusion will be drawn by the court.

Looking at the section as it stands, and giving to the words their natural import, and full effect to each part of the section, it appears plain to my mind, that my interpretation of it is correct; and this is confirmed by the history of the section which is given in *Lefevre* agt. *Latson,* above cited.

It follows that the affidavit of verification in the present case is sufficient.

The cases of *Treadwell* agt. *Fassett,* (10 *How. Prac. R.* 184,) and *Hubbard* agt. *The National Protection Insurance Company,* (*ante* 149,) are opposed to this conclusion, but it is supported by the case of *Lefevre* agt. *Latson,* as I understand it. In *Stannard* agt. *Mattice,* the question is not considered.

The papers for this motion are defective, inasmuch as it is not shown that the answer was served within the time allowed for answering, or that a judgment has been entered, but these facts were conceded on the argument that the question discussed might be decided.

The motion must be denied.