# MYERS *a*. GERRITS.

*New York Common Pleas; General Term, July,* 1861.

### VERIFICATION BY AGENT.

In an action upon an instrument for the payment of money only, the possession of the instrument is enough, under section 157 of the Code, to authorize an agent or attorney of the plaintiff to verify the complaint.

When, in an action upon two promissory notes, the verification of the complaint was made by a person other than the plaintiff, and it stated that the notes were in the possession of the deponent, and that the reason why the verification was not made by the plaintiff was his absence from the State; and the defendant disclosed no defence,—*Held*, a sufficient averment that the deponent was the agent of the plaintiff, to put defendant to proof of the contrary.

Appeal from an order refusing to set aside a judgment.

This was an action on two promissory notes. The complaint was verified as follows:

[Venue.] Angelo L. Myers of said city, being duly sworn, doth depose and say, that the above complaint is true to his own knowledge, except as to those matters stated on information and belief, and as to those matters he believes it to be true. That the plaintiff is now absent from this State, which is the reason why this verification is not made by him: that deponent's knowledge is derived from possession of the notes in suit, and from other sources.

[Jurat.]                                                  [Signature.]

On the last day to answer, the defendant's attorney served an answer of general denial, unverified, which the plaintiff's attorney declined to receive, and entered up judgment as for want of an answer. The defendant moved, at special term, to set aside the judgment for irregularity, which motion was denied, and he now appealed to the general term.

*D. Evans,* for the appellant.—I. The Code, section 157, which allows a substituted party to verify, must be complied with strictly, so far as to show with certainty, from the facts stated, that the person verifying is the attorney or agent.

II. The Code (section 157) requires two things to appear, in an action on a written instrument (when the facts are not in the personal knowledge of the attorney), when verified by a person other than the plaintiff: 1st, that the person verifying is the agent or attorney; and 2d, that the instrument be in the possession of the agent or attorney so verifying. Neither of these facts exist here; the affidavit does not state he is agent or attorney, nor does he state that he was in possession of the notes at the time of verifying.

III. If the verification showed a sufficient possession, this would be only one of the facts to be shown; the act requires also that he must be the agent; and to say that that affidavit shows possession, and proves the agency, is equivalent to saying that the Legislature ought not to have required proof of these

distinct things, and involves a judicial repeal of so much of the act.

IV. It necessarily involves such repeal, because, if the principle is affirmed, it will only be necessary hereafter to place any writing sued on in the hands of the attorney's clerk, or any other person, and then he verifies the complaint or answer by swearing it is in his possession, &c., without his being, or professing to be, the agent or attorney of the party plaintiff or defendant.

*W. J. Osborne*, for the respondent.—I. The complaint is verified under section 157 of the Code. The first ground of objection urged is, that Angelo L. Myers, the deponent, does not state that he is the agent or attorney of the plaintiff. Section 157 does not require that the deponent shall state in what capacity he makes the affidavit. It simply states that the affidavit "may be made by the agent or attorney," and the natural inference to be drawn from the possession of the notes as averred in the affidavit is, that the deponent was such agent.

II. The second ground of objection is, that the deponent's knowledge, or the grounds of his belief, are not sufficiently set forth in the verification. It has been decided time and again that mere possession of a promissory note is evidence of ownership, and gives the holder the right to demand and receive payment of the same. (Mauran *a.* Lamb, 7 *Cow.*, 174; Bank of Utica *a.* Smith, 18 *Johns.*, 230.) And in the case of Smith *a.* Rosenthall (11 *How. Pr.*, 442) it was decided that an averment of the possession of the note in suit was a sufficient setting forth of the deponent's knowledge or the grounds of his belief. Possession is a sufficient ground of knowledge. (See Lefevre *a.* Latson, 5 *Sandf.*, 650.) Again, section 157 requires the deponent to set forth "his knowledge, or the grounds of his belief." Here the deponent swears that "the complaint is true to his own knowledge;" and the word "or" indicates that where "knowledge" of the averments in the complaint is expressly sworn to, no statement "of the grounds of belief" is necessary. (Tibballs *a.* Selfridge, 12 *How. Pr.*, 64.)

III. Another point to which the attention of the court should be called is, that the affidavit on which the order to show cause was granted, does not set up any merits, or pretend that there

is any defence to the suit. It seems, then, scarcely equitable that the plaintiff should be held to too strict a compliance with the statute.

By THE COURT.*—BRADY, J.—The verification in this case is sufficient. By section 157 of the Code, the verification may be made by the agent or attorney, if the action or defence be founded upon a written instrument for the payment of money only, and such instrument be in the possession of the agent or attorney, or if all the material facts relating to such instrument, and embraced in the allegations of the pleading, be known to such agent or attorney. The possession of the instrument alone is enough to authorize an agent or attorney to verify the complaint. This seems to be very clear as a matter of construction, and is sustained by the case of Smith *a.* Rosenthall (11 *How. Pr.*, 442). The doubt presented, however, arises from the fact that the verification does not contain an averment that the person making it is the agent of the plaintiff. The deponent states, however, that the plaintiff is absent, and that his knowledge is derived from the possession of the notes in suit, and the conclusion upon such facts fairly is, that the affiant is the agent of the plaintiff; at all events, it is sufficient to put the defendant to proof to the contrary, where he discloses no defence, and does not sustain his appearance by merits. The Code does not require the person who makes the oath to state that he is an agent, and if facts are presented from which that relation may be reasonably inferred, it ought to be considered as existing in a case like this. I think the order made at special term should be affirmed.

---

* Present, DALY, F. J., HILTON and BRADY, JJ.