### SYRACUSE MOULDING CO. *v.* SQUIRES.

#### (*Madison County Court.*   November 8, 1890.)

1. PLEADINGS—VERIFICATION BY PLAINTIFF'S ATTORNEY—IN JUSTICE'S COURT.

   Code Civil Proc. N. Y. § 526, which permits a person not a party to the action to verify the pleadings on stating his reasons why it is not made by the party, is extended to pleadings in justice's court by Laws 1881, c. 414, § 1, (4 Rev. St., 8th Ed., p. 2642.)   *Held,* in an action in justice's court brought by a domestic corporation located in another county, that the complaint may be verified by plaintiff's attorney.

2. SERVICE OF SUMMONS—RETURN.

   A constable's return in such action stating that he made a personal service of the summons and complaint on defendant "by delivering" to him a copy thereof, clearly proves that he left a copy with defendant; and hence the return shows a sufficient service under Laws N. Y. 1881, c. 414, § 1, which requires the service of summons and complaint in such action to be made "by delivering to and leaving with" defendant personally a copy thereof.   Disapproving *McMullin* v. *Mackey,* 6 N. Y. Supp. 885.

Appeal from justice's court.

Action by the Syracuse Moulding Company against Squires.    From a judgment in plaintiff's favor defendant appeals.    Laws N. Y. 1881, c. 414, § 1, (4 Rev. St., 8th Ed., p. 2642,) provides as follows: "In an action brought in any of the justices' courts of this state arising on contract for the recovery of money only, or on an account, the plaintiff or his agent, at or before the time of the issuing of the summons, may make a written complaint stating in a plain, concise manner the facts constituting the cause of action, specifying therein the amount actually due from the defendant to the plaintiff in said action, and praying judgment against the said defendant for the amount so claimed to be due to him, which said complaint shall be subscribed by the plaintiff or his agent, and shall be verified in the manner and as provided by section 526 of the Code of Civil Procedure.    Said summons and complaint shall be attached, and shall be served upon the defendant by delivering to and leaving with him, personally, true copies thereof not less than six nor more than twelve days before the return-day thereof, and the official certificate of the constable making such service shall be sufficient evidence thereof."

*Cameron & Kiley,* for appellant.    *E. S. More,* for respondent.

KENNEDY, J. This action is brought upon a draft accepted by the defendant. The plaintiff is a domestic corporation, located in Onondaga county, N. Y. The defendant at the time the action was brought was a resident of Madison county. The action was commenced before a justice of the peace of this county, and the complaint, which was served with the summons, was verified by E. S. More, the attorney of the plaintiff, residing and having an office at Cazenovia. The return of the officer serving the summons and complaint is as follows:

"*County of Madison—ss.*: The within summons and annexed complaint was personally served on the defendant, Fred. S. Squires, at the town of Cazenovia, by delivering to him a copy thereof, on the 11th day of July, 1890. Fees, $0.45.                              THOMAS WALLACE, Constable."

On the day the summons was returnable, E. S. More, the attorney above named, appeared for the plaintiff, and swore to his authority to appear, and also swore as to the amount of interest due on the draft set forth in the complaint; whereupon the justice rendered judgment for $32.12. The appellant asks the reversal of the judgment on the ground that the verification of the complaint should have been made by an officer of the plaintiff, and not by its attorney; and also because the constable's certificate of service was so defective and incomplete that the justice had no authority or jurisdiction to render the judgment.

We must affirm the judgment for the following reasons: (1) The law of 1881, relating to the service of a verified complaint in justice's court, says that the complaint shall be verified in the manner and as provided by section 526 of the Code of Procedure. This section is as follows: "The affidavit of verification must be to the effect that the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true. Where it is made by a person other than the party, he must set forth in the affidavit the grounds of his belief as to all matters not stated upon his knowledge, and the reason why it is not made by the party." It will be seen that there is nothing in this section which disqualifies an attorney from making the verification to a complaint in a justice's court, whether his client is a domestic corporation or not, or is or is not located in the county where the action is brought. The plaintiff's attorney in this action did all that this section of the Code requires, where the party is a non-resident. The law of 1881 having declared that the complaint must be verified in the manner and as provided in section 526, and this section having made no exception where the party is a domestic corporation, we have no doubt that the plaintiff's attorney was authorized to make the verification to the complaint. Even if the legislature had intended that the verification to a complaint in justice's court should be in accordance with section 525, we think the attorney in this case could have verified the complaint, because subdivision 3 of said section says that, where a party is not within the county where the attorney resides, he may verify the pleadings, making no exception in case the party is a domestic corporation.

As to the second point, we do not think the judgment void because the certificate of service does not state that the summons and complaint were left with the defendant. The law does not require the constable's certificate to be in any specified form, so that if the constable in making his return uses such language as plainly and distinctly informs the court that the summons and complaint have been served according to law, it may proceed with the case. The law of 1881 says the papers shall be served by delivering to and leaving them with the defendant. The constable certifies that he delivered the copies to him. To deliver a process to another, means to part with its possession and control, and leave it with the person for whom it is intended. When the court in this case received the official certificate, stating that the summons

and complaint had been served on the defendant by delivering copies to him, the fact of the papers being left with the defendant was as clearly proven to it as it was possible for words to inform it. It is the fact of service in the manner required by law that gives the court jurisdiction; it is the evidence of this fact that notifies the court of its right to proceed with the case; and it is for the court to determine whether this evidence is in compliance with the statute. The form of words made use of to establish the fact is immaterial, so long as the law has prescribed no set phraseology as a form for a certificate. But if it be assumed that the law does require the officer to certify that he has not only delivered to but left with the defendant copies of the summons and complaint, we do not think that the judgment should be reversed, for the alleged reason that the certificate of service is defective in form only, if defective at all, because the court would have the right to permit an amendment of the return. Section 725 of the Code is as follows: "A court to which a return is made by a sheriff or other officer, or by a subordinate court or other tribunal, may, in its discretion, direct the return to be amended in matter of form, either before or after judgment." Since a void proceeding cannot be made valid by amendment, we assume this section would be a very useless and needless one, if it be true that it is the return of the officer alone that gives jurisdiction to the court and validity to the judgment. By section 2868, justices' courts are required to hear, try, and determine actions according to law and equity, and for that purpose, where special provision is not made by law, are vested with all the necessary powers possessed by the supreme court. Vested with the authority intrusted to it by these sections of the Code, a justice's court has the right to amend the return of an officer in matter of form, and thereby so perfect the record as to show that the jurisdiction of the court was complete, and thus prevent injustice being done on account of some trivial omission of the officer in making his official certificate. To obtain a valid judgment in the supreme court, it is not necessary that the officer shall certify that he left the summons and complaint with the defendant. All that the Code requires is that he shall deliver the process to the defendant in person, and a certificate which shows this fact is a legal return, although it is the practice to have the certificate show that the papers were left with the defendant. The law of 1881 requires the service of a summons and complaint to be made in the same manner as such papers are served in the supreme court. It does not require the certificate of service to be in any particular form, and we think a certificate which would be good in the supreme court ought to be sufficient in justice's court so long as the service is made in precisely the same manner. We therefore hold the return of the constable to be sufficient, and further hold that if defective in form the court has the right, in its discretion, to permit the return to be amended so as to conform to the technical words of the statute. Our attention has been called to *McMullin* v. *Mackey*, 6 N. Y. Supp. 885. We decline to follow the suggestion of Justice MERWIN, for the reason that it does not appear that his views were approved by the other members of the court. All the judges agreed to a reversal of the judgment, but it does not appear that it was reversed on both the grounds stated by Justice MERWIN. Judgment affirmed.