(18 Misc. Rep. 627.)

### HIGH ROCK KNITTING CO. v. BRONNER et al.

(Supreme Court, Special Term, Onondaga County. December, 1896.)

1. CORPORATIONS—VERIFICATION OF PLEADING BY ATTORNEY.

A domestic corporation is in the county where its principal place of business and officers are located, within Code Civ. Proc. § 525, subd. 3, permitting verification by attorney when the party "is not in the county where the attorney resides."

2. SAME—RIGHT OF DOMESTIC CORPORATION TO VERIFY BY ATTORNEY.

Domestic corporations are not forbidden to verify by attorney by Code Civ. Proc. § 525, providing that (subdivision 1), "where the party is a domestic corporation, the verification must be made by an officer thereof," and (subdivision 3) "where the party is a foreign corporation, or where the party is not in the county where the attorney resides, * * * the verification may be made by the attorney"; the intent of the statute being to permit verification by attorneys for foreign corporations in all cases and for domestic corporations to the same extent as for other parties.

3. PLEADING—VERIFICATION BY ATTORNEY—FORM.

A verification by an attorney stating that his "knowledge" is derived from certain information sufficiently states that such information is "the ground of his belief" (Code Civ. Proc. § 526), where all the allegations of the pleading are on information and belief.

Action by the High Rock Knitting Company against Gus Bronner and others, in which there was a judgment in favor of plaintiff on default. Defendants move to vacate the judgment. Denied.

Benj. Stolz, for the motion.
Thomas Hogan, opposed.

HISCOCK, J. The judgment complained of was entered as upon a default, and this default was based upon a return of defendants' answer, otherwise served in time, upon the ground that it was not verified. Its lack of a verification is not disputed, but it is insisted

by defendants that it was proper for them to serve an unverified answer, because the purported verification of the complaint was defective, and therefore null. It is also urged that plaintiff's attorney did not return the answer with due diligence, assuming that it was defective in point of verification. Upon all of the affidavits submitted, I think that the answer was returned with proper diligence, if a return was proper, and this leads to a consideration of the defects alleged by defendants in the verification of plaintiff's complaint. These defects are—First, that, plaintiff being a domestic corporation, it was necessary that its verification should be made by one of its officers, and that it should not be made by its attorney, as was attempted; second, that, if the attorney could make it, the verification in form did not comply with the requirements of the Code in setting forth the "grounds of his belief," the allegations of the complaint being based upon information and belief. I will consider these objections in the order stated.

As appears by the verification of the complaint, the plaintiff was a domestic corporation, transacting its business in Columbia county, where its officers resided, none of them being within the county of Onondaga, wherein plaintiff's attorneys resided and had their office; and it is urged in behalf of plaintiff that it was therefore proper for its attorney to make the verification, within the provisions of subdivision 3, § 525, Code, allowing a verification to be made under proper circumstances by the attorney "where the party is not within the county where the attorney resides." It is urged by the defendant, in turn, that that language is not applicable to a corporation; that a corporation is not limited in the extent of its existence, and therefore cannot be said not to be within a certain county. This contention, however, does not seem to me to be well founded, but that a corporation, for the purposes of this section, is deemed to be where its principal place of business, its office, and its officers are located.

I am not aware that there has been any contention over such construction as applied to that provision of the Code which requires ordinarily an action to be tried in that county in which one of the parties resided at the commencement thereof, and which has been deemed to be properly complied with in the case of a corporation by laying the place of trial where its principal office and business were located. It is further urged, however, that section 525 of the Code expressly, or at least by strong implication, excludes the idea and possibility of a verification of a pleading by a domestic corporation by its attorney in a case like this, and attention is called to the language of that section, which provides that:

"The verification must be made by the affidavit of the party * * * except as follows: (1) Where the party is a domestic corporation the verification must be made by an officer thereof. * * * (3) Where the party is a foreign corporation * * * the verification may be made by the agent or the attorney," etc.

Again, however, I do not agree with the contention of the defendants that this language prevents a verification by an attorney under proper circumstances. The section, in the first instance, had

provided that a verification must be made by a party.   A corporation as a party could not make a verification, and therefore the first provision quoted above was incorporated, providing that the verification in such a case must be made by an officer; but the intent of such provision was to provide the manner and way in which the verification in behalf of a corporation should be made in order to give it force and effect as a party's verification, and, as it seems to me, was not intended to override or exclude the effects of the subsequent clauses in the section referred to, which provided for a verification by agents or attorneys in behalf of a party. Where the verification is made by a corporation through one of its officers, as above provided, it stands the same as a party's verification, and it is not necessary for the verification to comply with certain requirements necessary in the case of a verification by an agent or attorney.    Duryea v. Rayner, 11 Misc. Rep. 294, 32 N. Y. Supp. 247; American Insulator Co. v. Bankers' & Merchants' Tel. Co., 7 Civ. Proc. R. 443.    So, in the case of the second provision above quoted, expressly allowing a verification in behalf of a foreign corporation to be made by the attorney, I think a better construction is obtained by holding that that provision was designed to unquestionably secure the right to such a corporation to verify by attorney where, on account of location of an office within the county where its attorney resided, or some other contingency, there might be doubt otherwise about its right to make such verification, than by holding, as claimed by defendants' attorney, that said clause was meant to expressly exclude a domestic corporation from a right to such verification.    In the absence of a very clear expression of intention upon the part of the legislature to exclude a corporation from the right to verify through an attorney under the circumstances existing in this case, the court should hesitate to place upon the section of the Code under review the construction contended for by defendants.    Such a construction, without any apparent good reason, would involve an unjust discrimination between parties litigant.    It is difficult to see why a domestic corporation whose office and officers were in a distant part of the state should be refused the same right to verify by an attorney which would concededly belong to a natural person, being a party and residing in the same place.

The alleged defect in the form of verification of plaintiff's complaint rests in its asserted failure to comply with section 526 of the Code, requiring a person making a verification, other than the party, to set forth in the affidavit "the grounds of his belief as to all matters not stated upon his knowledge."    The affidavit of verification, after concededly complying with the other necessary requirements, contains this language upon the point under consideration:

"And this deponent's knowledge is derived from information received from the letters of plaintiff now in deponent's possession, and also from the admissions of defendant to this deponent on the 29th day of October, 1896, that he was owing the full amount as claimed in the complaint, and that it would be due as therein stated, on the 30th day of October, 1896."

While this language is not in the form usually employed, and while it may be subject to the criticism of inaptness, I am inclined to think, after consideration, that, under fairly liberal rules of construction, it should be held to be a sufficient compliance with the statute. While the latter requires an attorney making a verification as in this case to state the grounds of his belief, it does not prescribe any particular phraseology or form in which it shall be done, and does not require that he shall label or preface his statement thereof with the recital in express words that they are his sources of belief. The object of the statute is that the court should be enabled to see from the affidavit of verification the authority and foundation upon which an attorney making a complaint in behalf of his client is acting, and the spirit of it is complied with when this result is accomplished. In this' case all of the allegations of the complaint are made upon information and belief, and none of them upon personal knowledge. There is therefore no opportunity for confusion in deciding to which class of allegations the clause now under review applies, or for saying that the use of the word "knowledge" limits its application to allegations in the complaint upon personal knowledge. On the other hand, we have all of the allegations of the complaint made upon information and belief; that is, upon belief based upon information. Then follows the clause complained of, in which are stated the sources of knowledge or information upon which the attorney acted. They are very convincing, and form a very trustworthy basis upon which to act. Part of them would constitute legal evidence upon which to prove the claim in question. While they are stated to be the sources of knowledge and information, it is evident that they were the foundation of belief upon which the complaint was verified. Such a construction of the language employed seems to be within the rules laid down in Duparquet v. Fairchild, 49 Hun, 471, 2 N. Y. Supp. 264; Myers v. Gerrits, 13 Abb. Prac. 106, 109; Matthews v. Smith, 9 Civ. Proc. R. 165; Hyde v. Salg, 27 Hun, 369; Smith v. Rosenthall, 11 How. Prac. 442, 445. Motion to vacate judgment denied, with $10 costs.

Motion denied, with $10 costs.