Co., 21 Misc. Rep. 46, 46 N. Y. Supp. 887; Boyd v. Milone, 24 Misc. Rep. 734, 53 N. Y. Supp. 785.

The appeal from the order denying tenant's motion to open the default is dismissed, and the final order in the proceeding affirmed, with costs. All concur.

(31 Misc. Rep. 275.)

### CLIMAX SPECIALTY CO. v. SMITH et al.

(Supreme Court, Appellate Term. April 16, 1900.)

ACTION BY DOMESTIC CORPORATION—VERIFICATION BY ATTORNEY—OFFICER ABSENT FROM ATTORNEY'S COUNTY—SUFFICIENCY.

Under Code Civ. Proc. § 525, subd. 3, providing that when the party is a foreign corporation, or not within the county where the attorney resides, a verified pleading may be verified by the attorney, where a complaint by a domestic corporation shows that all the corporate officers are absent from the county where the attorney resides the court is not without jurisdiction to render judgment on the complaint on the ground that the verification by the attorney was unauthorized.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the Climax Specialty Company against Benjamin C. Smith and others. From a judgment in favor of plaintiff, defendants appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Samuel S. Walters, for appellants.
William Stuart, for respondent.

O'GORMAN, J. The judgment in this case, which was taken on defendants' default, and rendered upon a verified complaint, is assailed by the defendants upon the ground that the verification of the complaint was made by the plaintiff's attorney; defendants' contention being that a pleading of a domestic corporation must be verified by an officer, and that subdivision 3 of section 525 of the Code of Civil Procedure has no application to pleadings interposed on behalf of a domestic corporation. We cannot yield our assent to this contention. A reading of the entire section of the Code in question seems to warrant the conclusion that subdivision 3 applies to all parties, whether domestic corporations or not; and where, as in the case before us, it appears by the attorney's verification that all the officers are absent from the county where the attorney resides, the verification should be held to be a proper one. Knitting Co. v. Bronner, 18 Misc. Rep. 627, 43 N. Y. Supp. 725, affirmed in 29 App. Div. 627, 52 N. Y. Supp. 1143; Molding Co. v. Squires (Co. Ct.) 13 N. Y. Supp. 547. In the cases cited by the appellants the precise point under consideration was not involved. Defendants' claim, therefore, that the court was without jurisdiction to render judgment on the verified complaint, is not well taken; and, as the other points raised are without merit, the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.