[Civ. No. 2086.   First Appellate District.—October 19, 1917.]

W. F. CORDES, Respondent, v. R. T. HARDING et al., Copartners, etc., Appellants.

STIPULATION—APPORTIONMENT OF RECOVERIES IN ATTACHMENT ACTIONS —FAILURE OF JUDGMENT CREDITOR TO DOCKET JUDGMENT—RIGHT TO SHARE IN PROCEEDS OF SALE OF DOCKETED JUDGMENT.—Where the attorneys for the respective plaintiffs in two different attachment actions against the same defendant enter into a stipulation providing that all recoveries or avails effected in either action shall be ratably apportioned between the plaintiffs according to the respective amounts of their claims or according to the respective amounts of the judgments rendered and entered in said actions, there is no implied duty that either party should docket the judgment obtained by him in the county where the property is situated so as to acquire a lien thereon; and where one of the parties does so docket his judgment and thus becomes a redemptioner, and the other party fails to so docket his judgment, and a third judgment creditor purchases the first judgment, the failure of the second

judgment creditor to so docket his judgment is not such a breach of the stipulation as to destroy his right to share in the amount paid for the first judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Robert H. Borland, for Appellants.

Henry Ach, and Joseph Kirk, for Respondent.

LENNON, P. J.—This is an appeal from the judgment on the judgment-roll. This case was before this court before on an appeal from the order of the trial court granting defendant's motion for a nonsuit (27 Cal. App. 474, [150 Pac. 650]).

The effect of the former decision of this court was to establish the sufficiency of the complaint, and to construe the meaning of the word "avails" to include moneys obtained from the sale of the Lindemann judgment.

Briefly, the facts are these: On the ninth day of May, 1910, defendants Harding and Monroe, through their assignee Lindemann, brought suit against the California Consolidated Mines Company for $10,193.25 for legal services, and procured an attachment upon the company's property. At this time certain creditors of the defendant Mines Company assigned their claims to W. F. Cordes, who brought an action against the Mines Company and caused an attachment to be levied on June 20, 1910, on the same property of the company which had been previously attached in the suit brought by Lindemann. A stipulation was thereupon made, entitled in the court and causes of Lindemann and Cordes against the Mines Company by the attorneys for the respective plaintiffs in each case, providing in part "that all recoveries or avails effected in either of said suits under or by virtue of the attachments which have been issued therein and levied upon the property of the California Consolidated Mines Company, a corporation, in the county of Amador, state of California, shall be ratably apportioned between said plaintiffs, according to the respective amounts of their claims or

according to the respective amounts of the judgments rendered and entered in said suits should judgments be recovered or entered.'' Lindemann subsequently obtained a judgment for $8,883.10 but did not levy execution. Prior to December 1, 1911, Lindemann recorded a transcript of this judgment in Amador County, in which county the property was situated. On November 23, 1910, plaintiff Cordes in his suit against the Mines Company obtained a judgment for $2,371.16, but no transcript of this judgment was filed until after December 22, 1911. Prior to May 12, 1910, and prior to the attachment of either Lindemann or Cordes, the Chichizola Estate Company recovered a judgment in Amador County against the Mines Company for the sum of ten thousand dollars. Under this judgment, on December 10, 1910, the mining properties under attachment were sold on execution to the plaintiff in that action. December 15, 1911, the Chichizola Estate Company sold and assigned this judgment to one Magee. On December 22, 1911, defendants in this action told Magee that they proposed to redeem. After negotiations, Magee bought the Lindemann judgment, paying therefor seven thousand dollars. The plaintiff here, claiming that this money received by defendants was avails effected by the Lindemann attachment, brought this action for his proportion thereof, pursuant to the terms of the stipulation. Prior to the expiration of the period of redemption under the Chichizola sale, defendants in this action, for plaintiff Lindemann, who had become a redemptioner by having filed a transcript of her judgment in Amador County, served upon the purchaser at that sale a demand for a statement of the rents and profits under the provisions of section 707 of the Code of Civil Procedure, thereby obtaining for plaintiff Lindemann an extension of the time to redeem. The sale of the Lindemann judgment to Magee was made before this extension of time had expired.

Appellants contend that the Cordes attachment, owing to the failure of Cordes to file the transcript of his judgment in time to become a redemptioner from the Chichizola execution sale, had become worthless, that Cordes had failed to comply with the implied agreement of the stipulation that he should do everything necessary to keep alive his attachment, and consequently, for this alleged breach on his part, that Lindemann was no longer bound by the stipulation.

Looking at the stipulation itself, it is impossible to say that there was any implied agreement that plaintiff should docket his judgment in the county where the property was situated, so as to acquire a lien on the property of the judgment debtor in that county. Appellants' argument rests upon the speculative theory that if plaintiff had put himself in the position of a redemptioner qualified to redeem from the Chichizola sale, Magee would have paid him something for his judgment. But upon the other hand, Magee might not have purchased plaintiff's judgment at all. There is no evidence or finding to the effect that he would have done so. It might well have been that plaintiff, by refraining from making his judgment a lien on the property of the judgment debtor, thereby facilitated the sale of the Lindemann judgment; that while Magee was willing to buy the Lindemann judgment, he might have been unwilling to redeem when he found the property more heavily encumbered.

Since there was no duty on the part of plaintiff, express or implied, to docket the judgment, and as the record discloses no request or demand from the respondents that plaintiff advantage their position by docketing that judgment, we cannot say that plaintiff's failure to do so was a breach on his part of the contract.

Judgment affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 17, 1917.