## PRAIRIE OIL & GAS CO. v. KINNEY.

No. 9746—Opinion Filed Sept. 14, 1920.

(Syllabus by the Court.)

**1. Parties—"Defect of Parties."**

A "defect of parties" means too few, and not too many parties.

**2. Same—Manner of Objections—Waiver.**

A defect of parties plaintiff appearing upon the face of the petition must be taken advantage of by demurrer to the petition. Ordinarily, when the defect of parties does not appear upon the face of the petition, the objection must be taken by answer, but where the defect of parties does not appear upon the face of the petition and is not known to the defendant at the time the pleadings are made up, but is first discovered at the trial, upon discovery of such defect the matter should then be called to the attention of the trial court by proper objection. If no specific objection is made to the defect of parties plaintiff in the trial court, it will be considered waived, and cannot be raised for the first time on appeal.

**3. Appeal and Error—Verdict—Sufficiency of Evidence.**

The verdict of the jury will not be reversed where there is any evidence in the record reasonably tending to support it.

**4. Trial—Demurrer to Evidence—Effect.**

The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn therefrom, are admitted, and the court cannot weigh conflicting evidence, but must treat as withdrawn the evidence which is most favorable to the demurrant.

**5. Torts—Malicious Interference With Contract.**

It is an actionable tort for one to maliciously interfere with a contract between two parties and induce one of them to break the contract, to the injury of the other.

**6. Same—"Malice."**

"Malice," in the sense used herein, means a wrongful act done intentionally, without just cause or excuse.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by John L. Kinney against the Prairie Oil & Gas Company for damages. Judgment for plaintiff, and defendant brings error. Affirmed.

Burford, Robertson, Hoffman & Burford and T. J. Flannelly, for plaintiff in error.

C. W. Lively, for defendant in error.

RAINEY, C. J. This action was originally instituted in a justice court in Creek county, Oklahoma, and subsequently appealed to and tried de novo in the district court of said county, resulting in a judgment in favor of the plaintiff.

The facts in the case are substantially as follows: The defendant was the owner of a tank farm near Drumright, Oklahoma, and the plaintiff and his wife were engaged in running a boarding house for the accommodation of the men at work on the tank farm, said boarding house consisting of a tent, household goods, and equipment situated on the farm and near the tanks. One of the defendant's tanks was set on fire by lightning and the fire spread to a second tank. Plaintiff's property was in a place of danger, which induced him to employ one Hays to remove it, and plaintiff paid Hays $3 in advance for his services. After Hays had commenced the work of removing the property, defendant's foreman, one McGarvey, who was collecting men and teams to build a dike or dam in order to confine the burning oil, approached Hays in the presence of the plaintiff and said, "Unhitch that team and hitch it to this scraper," to which Hays replied, "No; I am helping Kinney." McGarvey then said: 'Damn that stuff; what does that amount to compared with a tank of this oil." Hays then hitched his team to a scraper and assisted McGarvey. According to the plaintiff's testimony, he was then only able to save the tent, and his other property was consumed by the fire.

Plaintiff offered his evidence and rested, and defendant demurred thereto on the ground that the same, taken with all legal presumptions in its favor, did not prove a cause of action in favor of the plaintiff and against the defendant. This demurrer was overruled and defendant excepted and moved for an instructed verdict in its favor, which motion was also overruled and exceptions taken. The court thereupon instructed the

jury on the law of the case, which, as above stated, returned a verdict for the plaintiff.

On direct examination plaintiff testified that the property destroyed and for which compensation was sought in damages, was his, but on cross-examination, in response to a question as to whom it belonged, answered that it belonged to him and his wife. The latter was not made a party to the suit. It is contended by the defendant that plaintiff's wife was capable of suing and recovering anything due her for the loss of her goods, and that plaintiff had no legal right to recover for loss of his wife's property, and that therefore there was no evidence authorizing a verdict for the plaintiff.

From the evidence in the record we cannot say that all the property belonged to the plaintiff and his wife jointly, or whether only some of the articles were his wife's separate property. Giving plaintiff's evidence the favorable inferences to which it is entitled on demurrer, he was entitled to recover in some amount, and we cannot say there was not any evidence authorizing a verdict in his favor. It is also fair to presume that in saying the property belonged to himself and his wife plaintiff was speaking in the same sense that any head of a family does with reference to household goods.

But if she were a necessary party to the action, did the defendant properly raise the question in the trial court? As was held in Niblo v. Drainage Dist. No. 3 et al., 58 Okla. 639, 160 Pac. 416, " 'defect of parties' means too few, and not too many parties, and hence is not synonymous with 'misjoinder of parties,' which means an excess of parties."

Under the fourth division of section 4740, a defect of parties plaintiff or defendant is a ground for demurrer, and under section 4742, when the defects do not appear upon the face of the petition the objection may be taken by answer. This section further provides that "if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." It seems to the writer that under the plain wording of these provisions the only way to take advantage of a defect of parties plaintiff is in the manner above provided; that is, by demurrer, if the defect appears on the face of the petition, otherwise by answer. However, the Supreme Court of Kansas, by a divided court, in the case of Atchison, T. & S. F. R. Co. v. Hucklebridge, 62 Kan. 506, 64 Pac. 58, construing identical provisions of the Kansas Code, said:

"Civ. Code, sec. 91, which requires defects in petitions other than those which appear on their face and other than those of jurisdiction and in statements of fact to be set up by answer, does not apply to a petition by a partner who conceals the fact of partnership, and wrongfully brings suit in his own name for an injury to the partnership property. In such case the defendant, if ignorant of the partnership until disclosed upon the trial, may then raise the objection without the amendment of his answer."

I agree with the views of the minority of the Kansas court, wherein they say:

"The decision of the majority interpolates into the section of the Code quoted an exception or proviso which has no existence either in its language or its implications. The Code says that defects not appearing on the face of petitions must be taken advantage of by answer, otherwise they will be deemed waived; and it elsewhere makes provision for taking advantage of such defects as do not appear upon the face of the petition, and were not known to exist until disclosed upon the trial. Civ. Code, sec. 139, authorizes the making of amendments to conform pleadings to the facts proved upon the trial, and it is not the law in all cases that the allowance of such amendment is in the discretion of the court. The refusal of an amendment to a defendant's answer, by way of objection to a plaintiff's petition, for a defect in such petition unknown to the defendant, and concealed by the plaintiff, and discovered only upon the trial of the case, is not within the discretion of the court. At any rate, to refuse such amendment would be an abuse of the court's discretion. However, the question has been several times heretofore decided. Railway Co. v. Nichols, 9 Kan. 235-242; Seip v. Tilghman, 23 Kan. 290; Coulson v. Wing, 42 Kan. 507, 22 Pac. 570. In all these cases there was a defect of parties plaintiff, such as in the case before us, remaining undiscovered until the trial; and in all of them it was ruled that the objection could be raised only by answer."

Appreciating the fact that the construction of the above sections of the Code by the Kansas court prior to the adoption of the Code in this state is entitled to great weight, we are constrained to follow the majority opinion, but under it, as well as under our own decisions (Kansas City, M. & O. R. Co. v. Shutt, 24 Okla. 96, 104 Pac. 51; Choctaw, O. & G. R. Co. v. Burgess et al., 21 Okla. 653, 97 Pac. 270), the objection must be made in apt time and at the trial. In the instant case, when it was brought out on cross-examination that the property involved in the suit was the property of the plaintiff himself and his wife, defendant did not then ask leave to amend his answer by setting up

the alleged defect of parties, nor object on this ground to the case proceeding to judgment. The demurrer filed by it to the evidence did not specify defect of parties, nor was the question raised in the motion for new trial, and we are of the opinion that it cannot be raised for the first time on appeal. We do not think it was raised by the demurrer to the evidence on the ground that the evidence did not prove a cause of action in favor of the plaintiff and against the defendant, nor by the motion for an instructed verdict. It is our opinion that the rule in this jurisdiction should be that where the defect of parties does not appear on the face of the petition and is not known to the defendant at the time the pleadings are made up, but is first discovered at the trial, upon discovery of such defect the matter should then be called to the attention of the trial court by proper objection, and if the trial court's attention is not specifically called to the defect, that the same will be considered waived. The rule thus announced is not in conflict with Stinchcomb et al. v. Patteson, 66 Oklahoma, 167 Pac. 619, for in that case the matter was called to the attention of the trial court before the cause was submitted to the jury, and in the motion for judgment notwithstanding the verdict, and also in the motion for new trial.

The remaining propositions argued by counsel for plaintiff in error in their brief may all be properly disposed of under the assignment that the verdict and judgment are not sustained by sufficient evidence and are contrary to law.

The verdict of a jury will not be reversed where there is any evidence in the record reasonably tending to support it. Kelly v. Baughman, 66 Oklahoma, 167 Pac. 80; Allen v. Shepherd, 69 Oklahoma, 169 Pac. 1115; Mounts v. Boardman Co., 79 Okla. 90, decided July 20, 1920.

A demurrer to the evidence admits all the facts which the evidence tends to prove and all the inferences and conclusions which may be reasonably and logically drawn therefrom, and where plaintiff's petition states a cause of action and the proof fairly sustained the same, it is not error to overrule the demurrer. Rose v. Woldert Gro. Co., 54 Okla. 266, 154 Pac. 531; Sartin v. Walker et al., 60 Okla. 258, 159 Pac. 1096; Ft. Smith & W. R. Co. v. Knott et al., 60 Okla. 175, 159 Pac. 847; Midland V. R. Co. v. Ogden, 60 Okla. 74, 159 Pac. 256; Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 Pac. 538; Rawlings v. Ufer, 61 Okla. 299, 161 Pac. 183. In the last-named case the rule is stated as follows:

"The test applied to the demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted, and the court cannot weigh conflicting evidence, but must treat that as withdrawn which is most favorable to the demurrant."

The rule seems to be the same on a motion for a directed verdict for the defendant. Chickasha Inv. Co. v. Phillips et al., 58 Okla. 760, 161 Pac. 223. Petroleum Iron Works Co. v. Bullington, supra.

Applying these rules to the facts as disclosed by the record, it is evident the evidence sufficiently establishes that the defendant induced plaintiff's employe, Hays, to breach his contract with his employer, and as a consequence thereof plaintiff suffered damages in the sum of $163.25, as found by the verdict of the jury. The question presented, then, is whether the law affords the plaintiff a remedy for this invasion of his rights. A great mass of law has been written on this subject, and its varying phases, but we can perceive no useful purpose that would be subserved by here reviewing the authorities. It is sufficient to say, as stated by Commissioner Robertson in Schonwald et al. v. Ragains, 32 Okla. 223, 122 Pac. 203, that the "trend of the decisions sustains the proposition that it is a violation of a legal right to interfere with contractual relations recognized by law if there be no sufficient justification for the interference."

In Wood on Master and Servant, secs. 230-231, the law is stated as follows:

"It is well settled that any person who knowingly entices away the servant of another, and thereby induces him to violate his contract with his master, or thereby deprives the master of the services of one then actually in his service, whether under contract to serve or not, is liable to the master for the loss therefrom. But in this action it is necessary to prove not only that the person employed was in the service of the plaintiff, but also the defendant, knowing the fact, wrongfully induced him to leave it. The intent of the defendant, and the actual or natural effect of its execution, is the gist of the action. * * * "

In the case of Schonwald et al. v. Ragains, supra, which was a case of unfair competition, the law was stated to be that it was not unlawful for one, by fair means and lawful argument and persuasion, to interfere in contractual relations of another, and that one person had the legal right to persuade another to leave his employer's services, provided the persuasion and argument

employed were fair and not unlawful but were made with the honest intent and purpose of fairly bettering one's own business, trade, or employment, but not for the purpose of wrongfully destroying one's business or wrongfully injuring one's competitor. The instant case, however, is not, in a strict sense, a case of unfair competition, for plaintiff and defendant were not engaged in the same line of business, and the facts, therefore, are easily distinguishable from the facts in the case cited. However, there is nothing in the principles of law therein announced which militates against plaintiff's contention in this case, for malice was defined in the fifth paragraph of the syllabus as follows:

"Malice, in the sense used herein, means a wrongful act done intentionally, without just cause or excuse."

In the body of the opinion Commissioner Robertson reviews and discusses quite a number of authorities on the subject of what constitutes malice, and reaches the conclusion above stated. We quote from the opinion as follows:

"Justice Oliver Wendell Holmes said that: 'When a responsible defendant seeks to escape liability from an act which he had notice was likely to cause temporal damage to another, he must show justification.'

"In 19 Am. & Eng. Ency. Law (2d Ed.) p. 623, it is said: ' "Malice," in its legal sense, means a wrongful act done intentionally, without just cause of excuse.'

"Lord Campbell, in Forguson v. Kinnoul, 9 Cl. & F. 321, said: "Malice," in the legal acceptation of the word, is not confined to personal spite against individuals, but consists in a conscious violation of the law to the prejudice of another.'

"In Page v. Cushing, 38 Me. 523, 'Malice' is defined as: 'Acts willfully and designedly done which are unlawful and malicious in respect to those to whom they are injurious.'

"Bowen, L. J., in Mogul Steamship Co. v. McGregor, 23 Q. B. D. 612, said: 'Maliciously means and implies an intention to do an act which is wrongful, to the detriment of another.'

In this connection, it is insisted that an individual may destroy private property when necessary to protect his own without subjecting himself to an action for damages, and the following authorities are cited in support of this principle of law: Bowditch v. Boston, 101 U. S. 16; Rolle v. Troop, 157 U. S. 386; McDonald v. Red Wing, 13 Minn. 38; Field v. City of Des Moines, 39 Iowa, 575; Atkin v. Wells River, 41 L. R. A. 566; Mayor of New York v. Lord, 17 Wend. 290; Hale v. Lawrence, 1 Zabriskie (N. J.) 714;

American Print Works v. Lawrence, 3 Zabriskie, 590, 23 N. J. L. 590.

It is further insisted that there was not any evidence of malice in the instant case, for the reason that it was necessary to cause Hays to break his contract with the plaintiff in order to prevent the spreading of the fire. From this premise it is asserted that if a private person has the right to destroy another person's property to prevent the spreading of a fire without any responsibility on the part of such destroyer, it follows that one cannot be held liable for taking one's servant who was employed to save such property. The rule of law relied on is very restricted and the necessity must be immediate and imperative, even in cases where permitted. We need not here say whether we will follow the rule urged, for the facts in the instant case do not bring it within the rule, for the reason it is not shown that it was necessary to destroy plaintiff's property to prevent the spreading of the conflagration, nor is there any evidence of record showing that it was necessary to have the services of plaintiff's employe in order to stop the spreading of the fire. Defendant did not offer any evidence, and therefore did not show that without the services of plaintiff's employe the fire could not have been stopped, or that other men were not equally available for the same services, nor does the evidence show that any property was in danger except that of the plaintiff and defendant. Defendant admits that it induced Hays to breach his contract with the plaintiff and offered no evidence to justify or excuse this wrongful act.

Finding no reversible error in the record, the judgment is affirmed.

HARRISON, KANE, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.