## INDEPENDENT OIL & GAS CO. v. JACKSON.

No. 19890. Opinion Filed April 21, 1931.

John E. Curran, R. B. F. Hummer, and R. L. Foster, for plaintiff in error.

J. H. Clevenger, for defendant in error.

HEFNER, J. This is a salt water pollution case brought by J. F. Jackson against the Independent Oil & Gas Company in the Hominy division of the county court of Osage county.

Plaintiff alleges that he and J. F. Rader were the joint owners of a farming and grazing lease in said county; that there was located thereon a fresh water pond which was used by them for watering their stock; that defendant was the owner of an oil and gas lease on adjacent premises on which there were located several producing oil wells; that defendant permitted salt water to escape from these wells and flow into said pond and over the lease, thereby polluting the pond and destroying the grass grown upon the lease. Plaintiff further alleges that some of his stock and chickens died from the effects of drinking water from the pond and prays judgment against the defendant for the sum of $500.

The jury returned a verdict in his favor for the sum of $300, itemizing the damages as follows:

| | |
|---|---|
| For damage to pond | $200.00 |
| For damage to horse pasture | 25.00 |
| For damage to hog pasture | 25.00 |
| For damage to the loss of stock | 25.00 |
| For damage to the loss of chickens | 25.00 |

Judgment was rendered on the verdict accordingly.

Defendant contends that the petition shows upon its face that there was a defect of parties plaintiff, and demurred thereto on that ground, which demurrer was by the court overruled. This ruling is assigned as error. It is defendant's contention that the action should have been brought by plaintiff and Rader jointly and that plaintiff could not individually maintain the action. With this contention we agree. Plaintiff and Rader jointly owned the grazing lease and the pond thereon located, and it was therefore necessary that Rader be joined as a party plaintiff.

In the case of St. Louis-San Francisco Ry. Co. v. Webb. 36 Okla. 235, 128 Pac. 252, this court said:

"Where two parties have a joint interest in property, they must join in an action for injuries to such property."

See, also, Stinchcomb v. Patteson, 66 Okla. 80, 167 Pac. 619; Elwood Oil & Gas Co. v. Gano, 76 Okla. 287, 185 Pac. 443; Prairie Oil & Gas Co. v. Kinney, 79 Okla. 206, 192 Pac. 586.

Plaintiff concedes the correctness of the rule above announced, and in order to escape the consequences thereof offered evidence to the effect that prior to the damage

complained of he and Rader made a division of the lease and that each thereafter held his interest severally and not jointly. Plaintiff, however, admits that he and Rader both used the water pond and hog pasture jointly, and the major portion of the verdict was for damages thereto. Plaintiff could individually maintain the action for damages to his individual stock, but he could not join therewith an action for damages to the leasehold, which was owned jointly by him and Rader.

Judgment is reversed and cause remanded, with directions to proceed in accordance with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

RILEY, J., absent.