### THOMAS v. BOREN.

No. 20285. Opinion Filed July 14, 1931.

Hargis & Yarbrough, for plaintiff in error.

John W. Tillman and Fred A. Tillman, for defendant in error.

HEFNER, J. This is an action brought in the district court of Osage county by Blanche F. Boren against H. T. Thomas to recover on a promissory note. The note is in the sum of $725, and was given for rent of farm land for the year 1927. The defense was

false and fraudulent representations inducing the execution of the note, and a counterclaim for damages by reason thereof.

It appears that Vode Wesner had the land rented for the year 1926, and had raised a crop thereon. That defendant, sometime in September in that year, approached Mr. Boren, plaintiff's husband, for the purpose of renting the land for the year 1927. Mr. Boren advised him that the land was rented to Mr. Wesner, but that if a trade could be made with him to surrender possession, he would rent defendant the land for the year 1927. A trade was subsequently made between Wesner and defendant, whereby defendant purchased the growing crops on the land and the stock and farming implements. The land was thereafter rented to the defendant for the year 1927.

Defendant testified that at the time of the negotiations, he was unacquainted with the land; that Mr. Boren represented to him that it would not overflow; that he made special inquiry of Mr. Boren relative to this matter prior to negotiations with Mr. Wesner for possession of the land and prior to entering into the rental contract; that had not Mr. Boren assured him the land would not overflow, he would not have entered into the rental contract, nor would he have purchased the 1926 crops and stock and implements from Mr. Wesner; that the representations made by Boren were false; that the land was overflow land; that it did overflow in the fall of 1926, and destroy the crops he had purchased from Mr. Wesner, and that it also overflowed in 1927, and caused him to lose most of his crop for that year; and further testified as to the amount he was damaged.

The agreement for renting the land was made orally with Mr. Boren in September, 1926, and the contract was reduced to writing in April, 1927. The title to the land was in plaintiff, Blanche F. Boren. At the conclusion of the evidence the trial court, on motion of plaintiff, directed a verdict in her favor.

Plaintiff first contends that the ruling is correct for the reason that the representations relied on were made by Mr. Boren, and not by plaintiff, and that there was no evidence which established agency between Mr. Boren and his wife, the plaintiff.

The evidence discloses that no negotiations whatever were had by defendant with plaintiff for renting the land. The agreement was made between defendant and Mr. Boren. It was agreed between them that the rental price of the land would be $725 per year. The agreement was afterwards reduced to writing and signed by plaintiff. A note for the rent in the sum agreed upon by Mr. Boren and defendant was executed by defendant in favor of plaintiff, and was accepted by her. The note and rental contract was drawn in the office of A. C. Seely, a real estate broker, at the direction of both plaintiff and her husband. Delbert Heel testified that, at the request of the defendant, he went to see plaintiff relative to renting the land for defendant; that she refused to discuss the proposition with him, but referred him to her husband, Mr. Boren. This evidence in our opinion was sufficient to take the case to the jury on the question of agency.

Plaintiff further contends that the judgment should be sustained for the reason that the rental contract was not executed until April, 1927; that defendant knew at that time that the land would overflow; that it did overflow to his knowledge in the fall of 1926; that he was therefore not deceived by the representations at the time the written contract was entered into.

The evidence discloses that the written contract was entered into in pursuance of an oral agreement entered into between defendant and Boren in September, 1926; that the defendant went into immediate possession of the premises under the oral agreement, and sowed a portion thereof in wheat. These transactions all took place prior to the time defendant acquired knowledge that the land was overflow land. In the case of Myers v. Fear, 21 Okla. 498, 96 Pac. 642, this court announced the following rule:

"A lessee upon discovering fraudulent representations by the lessor of a material fact is not compelled to give up the premises and rescind the lease, but may offset any damage caused by the misrepresentation against the rent upon suit being brought for its recovery."

The evidence offered on behalf of defendant was sufficient, if believed by the jury, to constitute a defense. The court therefore erred in sustaining plaintiff's motion for a directed verdict.

The evidence disclosed that defendant and Delbert Heel jointly owned the 1926 crop purchased from Wesner. The trial court excluded all evidence as to damage to the 1926 crop. This ruling is assigned as error. Since defendant and Heel jointly owned the crop, defendant could not individually maintain an action to recover damages for injuries thereto. In the case of Independent

Oil & Gas Co. v. Jackson, 148 Okla. 199, 111, 298 Pac. 266, this court said:

"Where two parties have a joint interest in property, they must join in an action for injuries to such property."

See, also, the following authorities: Stinchcomb v. Patterson, 66 Okla. 80, 167 Pac. 619; Elwood Oil & Gas Co. v. Gano, 76 Okla. 287, 185 Pac. 443; Prairie Oil & Gas Co. v. Kinney, 79 Okla. 206, 192 Pac. 586.

Under these authorities, since Heel was not made a party to this action, the defendant could not maintain an action for damages on his counterclaim for the destruction of the 1926 crop, and the action of the trial court in this respect is affirmed, but because it directed the jury to return a verdict in favor of the plaintiff, the judgment must be reversed and cause remanded for a new trial.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, JJ., absent.