## CITY OF WEATHERFORD v. RAINEY et al.

No. 20543. Opinion Filed Sept. 22, 1931.

R. N. Linville and Eugene Forbes, for plaintiff in error.

Meacham, Meacham & Meacham, for defendants in error.

HEFNER, J. This is an action by J. W. Rainey and others against the city of Weatherford to recover damages alleged to have been sustained by them by reason of the negligence of the city in maintaining and operating its sewage disposal plant.

The trial was to a jury, and resulted in a verdict and judgment in favor of plaintiffs in the sum of $1,500.

Defendant's first assignment is that the court erred in overruling its motion for a directed verdict, and in this connection it asserts that there is no evidence which establishes its negligence in either maintaining or operating its plant.

The evidence, in substance, establishes the following facts: Plaintiffs resided upon a tract of land adjacent to defendant's plant. When the plant was first established it functioned properly, but that sometime prior to the filing of this suit it became worn and dilapidated and ceased to properly function; that sewage overflowed therefrom and emptied into a stream which flowed across the land and polluted it to such an extent that it became unfit for use; that noxious odors arose from the plant to such an extent that it made the property unsuitable for a home and caused plaintiffs great discomfort and inconvenience.

These facts were testified to by several witnesses, and we think sufficient upon which to base a finding that the city was guilty of negligence in the operation and maintenance of the plant.

Defendant further contends that its motion should have been sustained because the evidence discloses that all joint owners of the property were not made parties to the action. J. W. Rainey testified that the title

to the land was taken in the name of one of his sons, but that it was owned by the entire family, which consisted of five members, and only three of the joint owners were made parties to this action.

In the case of Independent Oil & Gas Co. v. Jackson, 148 Okla. 199, 298 P. 266, the following rule was announced:

"Where two parties have a joint interest in property, they must join in an action for injuries to such property."

That was a pollution case, and under the rule therein announced all of the joint owners should have been made parties to the action.

Defendant next contends that the court erred in giving the following instructions:

"If you find the defendant did negligently operate its sewage disposal plant, within two years next preceding the date of the filing of this action, then you may consider the question of whether the plaintiffs suffered damage by reason of such negligence, if any you find, to the usable value of their property as the proximate result of such negligence, and the amount of such damage, if any, to the usable value of their property. You may then consider the question of whether the plaintiffs by such negligence on the part of the defendant, if any you find, suffered, within said two years period next before the filing of said cause, any personal inconvenience, annoyance or discomfort, and if so the amount of such damage.

"If you should further find that the plaintiffs suffered damage to the usable value of their property, in arriving at the amount of such damage you may consider any loss to the plaintiffs in the use of said property for poultry raising or for dairying or for stockraising, but only such damage that the plaintiffs suffered as the proximate cause of such negligence should be considered by you."

Objection is urged to that portion of the instruction which advised the jury that it might allow damages for the usable value of the property. We think this objection well taken. There is no evidence which established the usable value of the property during the period complained of. There is evidence that the property was used as a chicken and dairy ranch and that the pollution of the stream impaired the usable value thereof, but no facts are testified to from which damages as to the loss of the usable value thereof could be fixed or calculated. We do not think the jury should have been permitted to surmise as to the amount of damages which resulted on account of the impaired or lost use of the property during the period complained of. There was a

substantial recovery, and we cannot say that the jury was not misled by the instruction.

Judgment is reversed and the cause remanded for a new trial.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and ANDREWS and KORNEGAY, JJ., absent.

See under (1) 20 R. C. L. 675. (2) 14 R. C. L. 786; R. C. L. Perm. Supp. p. 3669; R. C. L. Pocket Part, title Instructions, § 51.