## BRILEY v. WOOD.

No. 26033.   Dec. 15, 1936.

Smith & Harbison, for plaintiff in error.

C. W. Clift (Edward S. Cooper, on brief), for defendant in error.

PER CURIAM. Plaintiff obtained a judgment for $195, the value of one-half of a herd of hogs alleged to have been taken from her possession by the defendant. Plaintiff claims that the hogs were sold and delivered to her by an old negro by the name of Gunter, and it is not disputed that Gunter delivered to plaintiff said herd of hogs. Defendant contends that she had no interest therein and that her daughter who lived with defendant had a half interest in the hogs, and that Gunter had traded her his half interest in the hogs and that she sold them to a man by the name of Slade. Slade repossessed the hogs in an action in replevin in the justice of the peace court, and at the time of the trial, which originated in a justice of the peace court, Slade, in so far as the record showed, either still had possession of them or had disposed of them. Several actions were brought by the various

parties in the justice of the peace courts of Oklahoma county. The property has been rather a constant source of litigation involving at least two or three actions of one nature or another. In this connection we have reviewed the entire record, and are of the opinion that this appeal determines the rights between the plaintiff and defendant herein.

The first proposition is that plaintiff could not maintain the action. Several authorities are cited in support of the rule that one having a joint interest in property cannot maintain an action for damages thereto without joining the other owner. The correct rule is announced in Prairie Oil & Gas Co. v. Kinney, 79 Okla. 206, 192 P. 586, in which this court, in an opinion by Rainey, C. J., criticized the majority opinion of the Kansas Court in Atchison, T. & S. F. Ry. Co. v. Hucklebridge, 62 Kan. 506, 64 P. 58, in the following language:

"I agree with the views of the minority or the Kansas court, wherein they say:

"'The decision of the majority interpolates into the section of the Code quoted an exception or proviso which has no existence either in its language or its implications. The Code says that defects not appearing on the face of petitions must be taken advantage of by answer; otherwise, they will be deemed waived; and it elsewhere makes provision for taking advantage of such defects as do not appear upon the face of the petition and were not known to exist until disclosed upon the trial. Civil Code, sec. 139, * * * authorizes the making of amendments to conform pleadings to the facts proved upon the trial, and it is not the law in all cases that the allowance of such amendment is in the discretion of the court. The refusal of an amendment to a defendant's answer, by way of objection to a plaintiff's petition, for a defect in such petition unknown to the defendant, and concealed by the plaintiff, and discovered only upon the trial of the case, is not within the discretion of the court. At any rate, to refuse such amendment would be an abuse of the court's discretion. However, the question has been several times heretofore decided. Railway Co. v. Nichols, 9 Kan. 235-242; Seip v. Tilghman, 23 Kan. 290; Coulson v. Wing, 42 Kan. 507, 22 P. 570. In all these cases there was a defect of parties plaintiff, such as in the case before us, remaining undiscovered until the trial; and in all of them it was ruled that the objection could be raised only by answer.'

"Appreciating the fact that the construction of the above section of the Code by Kansas court prior to the adoption of the Code in this state is entitled to great weight, we are constrained to follow the majority opinion, but under it, as well as under our own decisions (Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okla. 96, 104 P. 51, 138 Am. St. Rep. 870, 20 Ann. Cas. 255; Choctaw, O. & G. Ry. Co. v. Burgess, 21 Okla. 653, 97 P. 271), the objection must be made in apt time and at the trial."

Here it is not claimed that the alleged dual ownership that defendant says existed was unknown to the defendant; in fact, the defendant is the only one who alleged that there was such dual ownership. We are of the opinion that the jury was warranted in finding from competent evidence that the ownership of the plaintiff was a complete and individual ownership, and therefore hold that she had a right to bring the action in her own name. In this connection see, also, Elwood Oil & Gas Co. v. Gano, 76 Okla. 287, 185 P. 443, in which the court said that the plaintiff, Gano, had the right to sue for and establish his separate ownership of a claim regardless of allegations of the defendant that the contract was made with a partnership.

The second proposition raises the sufficiency of the evidence to sustain the contention that the plaintiff bought the hogs and became the owner thereof. We are of the opinion that there is competent evidence in the record. By the uncontradicted evidence these hogs were delivered upon sale from Mr. Suddreth to Gunter, and Gunter testified that he was the owner thereof at the time he sold the hogs to the plaintiff.

The third proposition is that the evidence is insufficient to show that the defendant, Mrs. Briley, ever participated in a sale of these hogs, and the jury should never have been allowed to pass upon this question. This is also disposed of by what we have said above. Gunter was living on the premises of Mrs. Briley and there is ample testimony from the witness Gunter, together with other testimony, that was not objected to, that Mrs. Briley was claiming the hogs and asserting an interest therein at the time that Gunter was forced to leave the premises of Mrs. Briley and forced to dispose of the hogs in order to save his interest therein.

The fourth proposition is that the court erred in admitting hearsay testimony over the objection of the defendant, which admission was prejudical to the rights of the defendant. This testimony relates to certain conversations with relation to where hogs could be purchased by the plaintiff and certain conversation with Gunter, objected to on the ground that the conversation was not while Mrs. Briley was present. We have examined this testimony and find **no**

error in the admission thereof prejudicial to the defendant, Briley. There is evidence in the record, which was not objected to at the time of the admission from Charlie Newton, that witness Slade came out to his place to see about one of the hogs that Charlie Newton was keeping for Gunter, and Slade told the witness that he had bought the hogs from Mrs. Briley and that the witness needn't keep the hogs any more. Several other conversations in the record which were not objected to upon the part of the defendant show that Slade, while in possession of the hogs, told parties that he had bought them from Mrs. Briley. We are of the opinion that the facts support this line of testimony, and that if any harm was done in admitting any testimony by other witnesses, the same should not work a reversal of this cause under the rule of harmless error.

The evidence is uncontradicted that the plaintiff had but a half interest in the hogs, and the jury is warranted in believing that the value of the entire herd was $300, and that therefore the half interest of the plaintiff would be $150. There is no evidence in the record supporting the $45 allowed by the jury, apparently upon the theory that that was the amount spent in feeding. It is the uncontradicted evidence that plaintiff agreed to feed the hogs of Briley as well as her own in consideration of the purchase price of one-half of the herd of hogs.

The judgment is therefore modified to give the claimant plaintiff a judgment for $150, together with interest from the date of said judgment at the rate of 6 per cent. per annum, and as so modified the same is affirmed.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.