## NEWBERRY v. CAMPBELL.

### No. 3624.

Court of Civil Appeals of Texas. Beaumont.

June 13, 1940.

Glenn Faver, of Jasper, for appellant.
Adams & Hillin, of Jasper, for appellee.

COMBS, Justice.

This was an action by appellant, C. A. Newberry, against appellee, J. W. Campbell, for damages for breach of the following contract:

"Lease Contract
September, 1938.

State of Texas }
County of Jasper }
To Whom This May Concern:

This is to certify that J. W. Campbell, known as lessor and C. A. Newberry, known as lessee, have agreed on Thirty ($30.00) Dollars rent for twelve (12) consecutive months, payable in advance each month, on a said Gulf Filling Station and Building fronting on Main Street, of Jasper, Texas, north of corner known as Hancock Drug Store and South of Swann Hotel.

Said rent to begin as soon as Lessee has full possession of said property.

It is understood that Lessee is to use only Gulf Oil and Gas on Filling Station Front, and to have the right to repair said property as he sees fit as long as he improves property instead of damaging same. Property is to be turned back to Lessor at end of lease, if agreed, in as good condition as when rented.

Lessee's stock and fixtures stand for rent for the named Twelve (12) months, or for the sum of Three-Hundred-Sixty ($360.00) Dollars.

Lessor is to rent building and Filling Station to Lessee at the end of twelve (12) months, at a rent not to vary upward or downward more than Ten (10) Dollars per month, if agreed.

Lessee is not to be held responsible for damages to said building caused by natural wear or from the elements.

Signed this the 8 day of· September, 1938, A.D.

(Signed) J. W. Campbell
Lessor

(Signed) C. A. Newberry
Lessee."

Appellant alleged the due execution of the contract; that upon its execution he took possession of the premises; that appellee breached the contract at a time when he was in possession by entering without his permission and padlocking the doors against him. He· plead the damages suffered by him as a proximate result of the breach. Appellee answered by demurrers, general denial, etc. Judgment was for appellee on an instructed verdict, from which appellant has prosecuted his appeal to this court.

Judgment was correctly instructed for appellee. On appellant's direct testimony he testified that he, personally, was operating a business in the leased premises under the name Star Tire Company, at the time appellee breached the contract, and that he, personally, had suffered the damages sued for.

Appellee offered in evidence the following certificate:

"State of Texas }
County of Jasper }

This is to certify that Mrs. Nobie Jean Newberry of Jasper, Texas, and Mrs. Gertie Newberry of Lufkin, Texas, will own and operate a business in the City of Jasper, Texas, said business to be known as the Star Tire Company.

Witness my hand this the 25 day of January, 1938, A. D.

Mrs. Nobie Jean Newberry

Witness my hand and seal of office, this the 25 day of January, 1938, A. D.

J. W. Morgan, Notary Public in (L.S.) and for Jasper County, Texas."

On the issues raised by this certificate, appellant testified (Q. & A. reduced to narrative):

"This is the lease contract between Mr. Campbell and me. I have already stated that I was the owner and operator of Mr. Campbell's premises. The name of my business was the Star Tire Company. That is the business that I say in this law suit is damaged. Practically all of it was mine; it just· operated under that name. It was the Star Tire Company business operating up there; that is the business that is the foundation of this law suit. This Star Tire Company is the business that had this credit out on those tires, but the shipment of tires that I testified about was coming to me. This Star Tire Company owns the merchandise up there and this Star Tire Company is the business that was making a net profit.

"Q. Mr. Newberry, as a matter of fact, isn't it true that you· don't own any interest in that business? A. Well, it is not any of it in my name; no.

"Q. Mr. Newberry, isn't it a matter of fact, that your wife, Mrs. Nobie Jean Newberry, and Mrs. Gertie Newberry own the Star Tire Company here in Jasper? A. That is right."

Though he testified that he owned "practically" all the business, he did not testify as to the extent of his ownership in the business, nor as· to his interest in the damages suffered, proximately caused by appellee's breach of the contract. It should also be said that appellant did not allege a partnership, nor his interest in a partnership, nor his interest in the damages suffered by the partnership. As stated above, he simply alleged that the ·business was owned by him personally, and that he had suffered a personal loss.

The unlawful ouster was a tort committed against the partnership, Star Tire Company, and the members of the partnership should have joined in the action to recover the damages suffered as a proximate result of the ouster. Appellant, owning only the interest of a partner in the business, could not recover personally all the damages suffered by the partnership.

If there were special reasons why he should have been permitted to sue on behalf of himself and his partners, and recover the entire damages, such reasons should have been alleged and proved by him. If it be conceded that he had the right to sue in his own name for the damages suffered by his wife as a member of the partnership, there was no fact alleged, nor any evidence on the issue, authorizing him to sue for the damages suffered by the other member of the partnership, Mrs. Gertie Newberry.

Traweek v. Pecos & N. T. Ry. Co., Tex. · Civ.App., 288 S.W. 843, is on all fours with

the facts of this case, sustaining our conclusion that appellant could not recover, personally, all the damages sued for.

Appellant's second point is that the following quotation from the statement of facts reflects error:

"Q. Mr. Newberry, who owns and operates this business that you have been testifying about? A. Well—

"Q. Who is the actual bonafide owner of that property?

"By Mr. Adams: We object to that, because the instrument speaks for itself; it is on file in the Clerk's office and sets up the ownership of the business.

"By Mr. Faver: Plaintiff here and now requests the Court the privilege of questioning the plaintiff, C. A. Newberry, further with respect to the ownership and operation of the store in question, and as to who is owner and operator of said store on or about June 16, 1939, and further, as to what parties or party was damaged by virtue of the acts of defendant herein.

"By Mr. Hillin: May I ask this question: Is this going to show what the witness would testify?

"By Mr. Faver: I am doing this to make a complete record and to reflect what the witness would really testify to if given that privilege, and for the further purpose of reflecting definitely and specifically as to who is the actual owner of said premises on June 16, 1939, and as to the parties or party damaged by virtue of the acts of defendant herein and for that purpose only.

"By the Court: The Court is going to sustain the objection to go any further into it at this time, and I will give you a full bill on it.

"By Mr. Faver: To which action the Plaintiff excepts, and requests that the plaintiff be privileged to bring out further facts and circumstances relating to and pertaining to this issue, which, if presented, would reflect that the actual and true owner of the property in question is in the plaintiff, C. A. Newberry, and the consequent damages were received by him."

This excerpt from the record does not reflect the facts that appellant would have testified to had the court granted him leave to testify. On motion for new trial, appellant made no statement showing what facts appellant would have testified to had the court given him permission to testify. This court cannot speculate on the nature of the testimony that appellant would have given on these points. The record does not show error on the ruling of the court on the point in issue.

Appellant complains that the certificate under which appellant's wife and Mrs. Gertie Newberry were doing business was received in violation of Art. 3726, R.S. 1925, Vernon's Ann.Civ.St. art. 3726. When the certificate was offered in evidence, appellant offered no objection to it. His objection was not made until after the jury had retired under the court's orders, and had been brought back into court. When appellant made his objection, the court overruled it with the following statement: "By the Court: Your objection is overruled, for the reason that at the time the instrument was offered, there was no objection made and not until after the defendant had moved the Court for an instructed verdict upon the evidence of the plaintiff or his cross examination."

We hold the court did not abuse his discretion in overruling the objection, without determining whether the certificate falls within the provisions of Art. 3726.

However, independent of the certificate, the judgment was properly instructed in favor of appellee.

For the reasons stated, the judgment of the lower court is affirmed.