## NEWSOM v. CONTINENTAL ROYALTY CO.

## No. 2763.

Court of Civil Appeals of Texas. Waco.

March 18, 1948.

W. W. Mason, of Mexia, and Ellen Victery, of Teague, for appellant.

Storey, Sanders, Sherrill & Armstrong, of Dallas, for appellee.

LESTER, Chief Justice.

Mr. Joel Newsom and wife, on January 18, 1921, conveyed one-half of the mineral rights under their farm to The Continental Royalty Company for 727 shares of stock in said corporation. The company issued and delivered to them a certificate evidencing their ownership of said stock, but sometime between the date it was issued and delivered and August, 1931, Mr. Newsom claims the stock was lost, misplaced or destroyed. On June 3, 1947, he, as plaintiff, filed this suit against The Continental Royalty Company to require it to re-issue said certificate and to recover dividends alleged to be due him as the owner of said stock. The parties will be referred to as in the lower court.

The defendant filed its plea of privilege in due form, alleging that it was a corporation organized and existing under and by virtue of the laws of the state of South Dakota and having its principal office in the city of Dallas, Dallas County, Texas, and requested the court to transfer the cause to one of the district courts of said county.

Plaintiff filed his controverting affidavit, alleging that the plaintiff's cause of action, or a part thereof, arose in Freestone County, Texas, within the meaning of the venue statute, Article 1995, subdivision 23, Vernon's Ann.Civ.Statutes of this state, and alleging that the land for which the stock was given was located in Freestone county and that the transaction between the plaintiff and the defendant which resulted in the issuing of the certificate of stock to the plaintiff was, from its inception to its final consummation, had in Freestone county, Texas; that all the letters written by the plaintiff were written in Freestone county, Texas, and that all correspondence in reply thereto was received by the plaintiff in Freestone county.

Upon hearing before the court, the plea of privilege was sustained and the cause transferred to the District Court of Dallas county.

If plaintiff's cause of action, or a part thereof, arose in Freestone county, then it was error on the part of the trial court in sustaining defendant's plea of privilege and transferring the case to the district court in Dallas county.

The evidence shows that all the terms of the transaction between the plaintiff and the defendant whereby the plaintiff became the owner of said stock were fully and completely carried out in January, 1921, in that the deed was executed and delivered to the defendant by Newsom and his wife and the defendant, as per its agreement, issued and delivered to them a certificate evidencing their ownership of 727 shares of its corporate stock.

Plaintiff testified that in August, 1931, he had occasion to look for his certificate of

stock and was unable to find it, but that he did not inform the defendant of its loss or make any demand of it to re-issue it until February of 1947.

Plaintiff cites in support of his position: Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674; Transit Grain & Commission Co. v. Snapp, Tex.Civ.App., 148 S.W.2d 233; Panther Oil & Grease Mfg. Co. v. Schumaker, Tex. Civ.App., 166 S.W.2d 205; United States Pipe & Foundry Co. v. City of Waco, Tex. Civ.App., 100 S.W.2d 1099; Grayburg Oil Co. v. Powell, 118 Tex. 354, 15 S.W.2d 542. We have read all of these cases but we do not feel that they are in point with the facts of this case. It appears to us that the facts surrounding the transaction between the parties in January, 1921, whereby the plaintiff became the owner of the stock in question are too far removed from the present situation to form the basis of any part of the cause of action now asserted by the plaintiff, so as to bring it within the terms of subdivision 23 of the venue statute and permit him to maintain this suit in Freestone county. If the defendant had breached its contract by not issuing the certificate at all, then the plaintiff would have been entitled to maintain a suit in Freestone county for the purpose of requiring it to comply with its agreement, because his cause of action, or a part thereof, would have arisen in Freestone county; but simply because plaintiff lost his stock certificate through no fault of the defendant, he could not maintain, in the face of a plea of privilege, a suit in Freestone county to require the defendant to re-issue the certificate in lieu of the one that it had already issued twenty-six years ago.

The nature of the plaintiff's claim for dividends was no more than one for debt, which the defendant had not obligated itself to pay in Freestone county as a result of the transaction had in said county between the parties in January, 1921, whereby the plaintiff became the owner of the stock as part of the consideration for his land, nor had it in any other manner obligated itself to pay dividends on said stock in said county, and the facts surrounding that transaction cannot be used to form a connecting link with the facts in the present suit so as to bring it within the purview of subdivision 23. Kinder & Keach v. Adams Nat. Bank of Devine, Tex.Civ.App., 184 S.W.2d 536.

Plaintiff contends that by reason of the defendant's president calling upon his attorney in the city of Teague, Freestone county, Texas, and there denying plaintiff's ownership of said stock and stating that his company would refuse to comply with his demand, would confer jurisdiction upon the district court of the county of his residence. To this we cannot agree. Plaintiff's rights in respect to venue had already been fixed and a denial of liability in such county would not give rise to plaintiff's cause of action, or a part thereof, so as to permit him to maintain his suit in said county.

Finding no error in the judgment of the trial court, it is therefore affirmed.