236 F.2d 469
 Milford S. PURCEL and Joseph A. Kane, Appellants,
v.
Cecil G. WELLS and James A. Wells, d/b/a Wells & Son
Construction Company; and American Surety Company
of New York, a corporation, Appellees.
 No. 5266.
 United States Court of Appeals Tenth Circuit.
 Aug. 11, 1956.
Rehearing Denied Sept. 17, 1956.
 
 Morris I. Jaffe, Dallas, Tex. (Cohen, Roberts & Kohler, Atlanta, Ga., and Milsten, Milsten & Morehead, Tulsa, Okl., were with him on the brief), for appellants.
 Dickson M. Saunders, Tulsa, Okl. (Doerner, Rinehart & Stuart, Tulsa, Okl., and Scurry, Scurry & Pace,Dallas, Tex., were with him on the brief), for appellees.
 Before HUXMAN, MURRAH and PICKETT, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 This is an appeal from a judgment dismissing appellants' complaint for defect of parties plaintiff and failure to join indispensable parties defendant.
 
 
 2
 The pleadings, exhibits, and uncontroverted affidavits show that on August 15, 1951, Wells & Son Construction Co., a partnership composed of the defendants Cecil G. Wells and James A. Wells, entered into a joint venture with Lewis Grinnan Co., a partnership, and M.A.B. Corporation of Texas, to construct, as prime contractor, certain military housing units at Camp Hood in Texas. The joint venture agreement provided that it was contemplated that one or more of the parties would incorporate, in which event the new corporation or corporations should be substituted and succeed to all the rights and liabilities of such parties. On October 10, 1951, Willkens Plumbing Company, a Texas corporation, subcontracted with the prime contractor to do the plumbing work for the project. In November 1951 the Wells & Son Construction Company and the Lewis Grinnan Company partnerships were incorporated under the laws of Delaware, qualified to do business in Texas, and substituted as parties to the joint venture. On January 3, 1952, the plaintiffs Milford S. Purcel and Joseph A. Kane became parties to the subcontract in the joint venture with Willkens Plumbing Company. The subcontract was thereupon amended to include the plaintiffs as parties thereto. On January 11, 1952 Wells-Grinnan-M.A.B. joint venture furnished a construction bond executed by the three corporations and the American Surety Company of New York.
 
 
 3
 Plaintiffs Purcel and Kane brought this action in Oklahoma against Cecil G. Wells and James A. Wells and the American Surety Company of New York to recover money alleged to be due on the subcontract. After a motion to dismiss had been heard, the plaintiffs filed a supplemental complaint alleging that on July 2, 1953 the corporate charter of Willkens Plumbing Company was forfeited for failure to pay the state franchise tax; that at the time of the forfeiture H. G. McDaniel was the owner of all the stock of the corporation and succeeded to all the rights, title and interest of the corporation; that in a property settlement he transferred and assigned to his wife, Mrs. H. G. McDaniel, all the rights accruing to him as sole stockholder; that on the 25th day of March, Mrs. McDaniel assigned to the plaintiffs all her rights and all the rights of the Willkens Plumbing Company in the subcontract.[1]
 
 
 4
 In sustaining a motion to dismiss, the trial court stated that Willkens Plumbing Company, a corporation, was a necessary party plaintiff and that the assignment by Mrs. McDaniel was insufficient to transfer the corporate rights to Purcel and Kane. The trial court was also of the view that under Oklahoma law all the members of the Wells-Grinnan-M.A.B. corporation joint venture were indispensable parties.
 
 
 5
 The Texas statute provides that upon failure to pay the corporate franchise tax 'such corporation shall for such default forfeit its right to do business in this State; * * *. Any corporation whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this State'. Art. 7091, Vernon's Ann.Civ.St.Texas. A forfeiture by the Secretary of State under this statute does not operate to cancel the corporate charter and the corporation is not dissolved. When the statutory time has expired after forfeiture by the Secretary of State, dissolution may be accomplished in proceedings brought for that purpose by the Texas Attorney General. Arts. 7092, 7095, Vernon's Ann.Civ.St.Texas; Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406. After forfeiture by the Secretary of State, and prior to dissolution, the legal title to the assets remains in the corporation, but the beneficial title is in the stockholders, who may maintain or defend actions in the Texas courts as are necessary to protect their property rights. Real Estate Title & Trust Co. v. Dildy, Tex.Civ.App., 92 S.W.2d 318; Humble Oil & Refining Co. v. Blankenburg, 149 Tex. 498, 235 S.W.2d 891, and cases cited.[2]
 
 
 6
 The corporation could transfer its assets and it could itself maintain an action to recover assets in another jurisdiction. Resenblum v. Dingfelder, supra; S. R. Smythe Co. v. Ft. Worth Glass & Sand Co., 105 Tex. 8, 142 S.W. 1157. This case is not one where a stockholder seeks to protect corporate assets, but one involving the assignment of corporate assets by a stockholder. The statutes relating to dissolved corporations do not apply.
 
 
 7
 As a general proposition, a stockholder has no direct authority to act for the corporation. He has no direct interest in its property and his right to the property is collateral only. This is true even when the stockholder owns all, or practically all, of the outstanding stock. Aransas Pass Harbor Co. v. Manning, 94 Tex. 558, 563, 63 S.W. 627; Fletcher, Vol. 13, § 5910. The corporation and not the stockholders is the legal owner of its property. With certain exceptions, only the corporation can enforce its rights. Favorite Oil Co. of Beaumont & Cleburne v. Jef Chaison Townsite Co., Tex.Civ.App., 162 S.W. 423. A forfeiture under § 7091 operates only to prohibit the right to do business in the state and to deny the right to sue or defend in the Texas courts except in an action to forfeit the corporate charter. Humble Oil & Refining Co. v. Blankenburg, supra; Rosenblum v. Dingfelder, supra. The Humble Oil case recognizes that after the forfeiture by the Secretary of State, stockholders as beneficial owners of the corporate assets may in proper cases prosecute or defend actions in Texas courts as may be necessary to protect their property rights. But this of itself would not include the right of a stockholder holder to transfer a cause of action on a contract belonging to the corporation for the purpose of suit outside the State of Texas.
 
 
 8
 In both Oklahoma and Texas, in an action brought on a partnership contract, all members of the partnership are necessary parties plaintiff. Houghton v. Puryear, 10 Tex.Civ.App. 383, 30 S.W. 583; Allen v. Fleck, 54 Tex.Civ.App. 507, 118 S.W. 176; Morris v. Gwaltney, Tex.Civ.App., 215 S.W. 473; Traweek v. Pecos & N.T.R.Co., Tex.Civ.App., 228 S.W. 843; Howell v. Bartlett, Tex.Civ.App. 19 S.W.2d 104; Edmondson v. Carroll, Tex.Civ.App., 65 S.W.2d 1107; Newberry v. Cambell, Tex.Civ.App., 142 S.W.2d 318; St. Louis & Santa Fe R. Co. v. Webb, 36 Okl. 235, 128 P. 252; Stinchcomb v. Patteson, 66 Okl. 80, 167 P. 619; Elwood Oil & Gas Co. v. Gano, 76 Okl. 287, 185 P. 443; Illinois Oil Co. v. Block, 129 Okl. 122, 263 P. 650; Thomas v. Boren, 150 Okl. 237, 1 P.2d 666; White v. Tulsa Iron & Metal Corp., 185 Okl. 606, 95 P.2d 590, 125 A.L.R. 609; Haught v. Continental Oil Co., 192 Okl. 345, 136 P.2d 691.
 
 
 9
 Willkens Plumbing Company, Inc., as a member of the joint venture on the subcontract, had such an interest in the litigation as to make it an indispensable party plaintiff and, not being a party to the action, the motion to dismiss was properly sustained. Rule 19(a), Fed.Rules Civ.Proc., 28 U.S.C.A.; Dunham v. Robertson, 10 Cir., 198 F.2d 316.
 
 
 10
 This conclusion makes it unnecessary to consider the other questions presented.
 
 
 11
 Affirmed.
 
 
 
 [1]
 The assignment contained the following recitals:
 'Whereas, the Secretary of State of Texas issued a notice advising that the right of such corporation to do business was forfeited by the Secretary of State of the State of Texas on July 2, 1953, for failure to pay franchise taxes, and
 'Whereas, H. G. McDaniel was the owner of all the stock of such corporation at such time; and he subsequently (in a property settlement with the undersigned) transferred and assigned all rights accruing to him by reason thereof of to the undersigned, Mrs. H. G. McDaniel, who is now a feme sole; * * *
 'It is the intention of this assignment to transfer, assign and convey to Joseph A. Kane and Milford S. Purcel any claim of any nature whatsoever which the corporation, Willkens Plumbing, Inc., and/or which Mrs. H. G. McDaniel, has or might have against the joint venture known as Wells-Grinnan-M.A.B., and/or against the individual members of such joint venture, that is, Cecil G. Wells and James A. Wells, d/b/a Wells and Son Construction Company, Lewis P. Grinnan, Jr., d/b/a Lewis Grinnan Company and/or M.A.B. Corporation.'
 
 
 [2]
 In the Humble Oil case, the Texas Supreme Court said, 235 S.W.2d at page 894:
 'When, as here, the Secretary of State, acting under Article 7091 of the Revised Civil Statutes, Vernon's Ann.Civ.St. art. 7091, has entered on the record in his office the forfeiture of the right of the corporation to do business in this state, the charter of the corporation has not thereby been cancelled nor has the corporation been dissolved. Ross Amigos Oil Co. v. State, 134 Tex. 626, 138 S.W.2d 798; State v. Dyer, 145 Tex. 586, 200 S.W.2d 813. The effect of such a forfeiture is to prohibit the corporation from doing business in the state and to deny to it the right to sue or defend in any court of the state except in a suit to forfeit its charter. The legal title to the assets remains in the corporation, but the beneficial title to the assets of the corporation is in the stockholders. This being true, and since the right to sue has been denied to the corporation by the forfeiture under Article 7091, the stockholders as beneficial owners of the assets of the corporation may prosecute or defend such actions in the courts as may be necessary to protect their property rights. Pratt-Hewit Oil Corporation v. Hewit, 122 Tex. 38, 52 S.W.2d 64; Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56; Favorite Oil Co. (of Beaumont & Cleburne) v. Jef Chaison Townsite Co., Tex.Civ.App., 162 S.W. 423; Canadian Country Club v. Johnson, Tex.Civ.App., 176 S.W. 835, application for writ of error refused; Aransas Pass Harbor Co. v. Manning, 94 Tex. 558, 563, 63 S.W. 627; Hildebrand's TexasCorporations, Vol. 3, p. 146, § 761, p. 192, § 767.'
 In the Real Estate Title & Trust Co. case, 92 S.W.2d at page 322, the court says that 'the statute is a revenue measure; and the penalty an enforcement expedient.'