WILLIAM FRANKLIN, Respondent, *v.* WILLIAM H. BEEGLE, Defendant, Impleaded with LUCY E. W. WILSON, the Name "Lucy" Being Fictitious, etc., Appellant.

*Mortgage foreclosure — stay until the decision of an action to set aside the deed under which the mortgagor acquired title — when a violation thereof will not be considered on an appeal from a final judgment of foreclosure — the failure to make the wife of the mortgagor, who joined in the mortgage, a party defendant, is ground of demurrer — presumption as to the continuance of her life and of her dower interest — rule as to presumptions of continued existence and relations and of a state of things once proved.*

In an action brought to foreclose a mortgage to which the mortgagor, but not his wife, who joined in the mortgage, was made a party defendant, another party defendant, who claimed that a deed of the mortgaged premises had been

obtained from him by fraud by the mortgagor, and was void, and who had brought an action to have it so adjudged, obtained an order staying all proceedings on the part of the plaintiff, except the trial of the issue of law raised by a demurrer which such defendant had interposed to the complaint, until the final determination of such other action. The issue of law raised by the demurrer was determined in favor of the plaintiff, and an interlocutory judgment was entered overruling the demurrer and providing for final judgment in the event of the defendant's failure to answer within twenty days. The defendant appealed from the interlocutory judgment, but did not serve an answer within the twenty days allowed for that purpose. At the expiration of the twenty days the plaintiff moved for and obtained final judgment of foreclosure.

*Held*, that, while the Appellate Division was of the opinion that the entry of the final judgment violated the terms of the stay, that question, no order directing the entry of final judgment appearing in the record, could not be raised by an appeal from such final judgment;

That the wife of the mortgagor who had joined in the execution of the mortgage was, if living and if her dower interest had not been extinguished, a necessary party in interest to the complete determination of an action to foreclose the mortgage, and that the demurrer alleging a defect of parties in this respect was improperly overruled as to the demurring defendant, who was alleged in the complaint to have or claim to have some interest in or lien upon the mortgaged premises subject and subordinate to the lien of the mortgage, as such defendant was interested in having every person made a party whose presence was necessary to assure a purchaser's obtaining a good title;

That for the purposes of such a demurrer it would be presumed in the absence of allegations to the contrary, and where no contrary presumption arose from the nature of the subject, that the mortgagor's wife was still alive and that her inchoate right of dower still existed.

When the existence of a person, a personal relation, or a state of things is once established by proof, the law presumes that the person, relation or state of things continues to exist as before until the contrary is shown or until a different presumption is raised from the nature of the subject in question.

Appeal by the defendant, Lucy E. W. Wilson, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 28th day of May, 1904, directing a foreclosure sale of the premises described in the complaint in the action, which final judgment was based upon an interlocutory judgment entered in said clerk's office, on the 18th day of April, 1904, upon the decision of the court, rendered after a trial at the Suffolk Special Term, overruling the said defendant's demurrer to the complaint, with notice of an intention to bring up for review upon such appeal the said interlocutory judgment.

*Robert L. Stanton* [*Edward A. Alexander* with him on the brief], for the appellant.

*Thomas J. Ritch, Jr.*, for the respondent.

MILLER, J.:

The defendant Wilson, who appeals from a final judgment in an action to foreclose a mortgage made by the defendant William H. Beegle and wife to the plaintiff, brought an action to set aside as fraudulent and void a deed of the mortgaged premises from herself to the defendant Beegle, together with the mortgage, foreclosure of which is decreed by the final judgment appealed from. A motion was made by the appellant in this action to stay all proceedings until the trial and determination of said action brought by her to set aside the deed and mortgage as aforesaid, and, upon her consent that the place of trial of the action brought by her be changed from the county of New York to the county of Suffolk, it was ordered that all proceedings on the part of the plaintiff in this action be stayed until the trial and final determination of said action wherein said defendant appellant was plaintiff, except the trial of the issue of law raised by the demurrer of the defendant to the complaint, the defendant having demurred thereto. The issue of law thus raised was tried and determined in favor of the plaintiff, and upon such determination an interlocutory judgment was entered over-ruling the demurrer and providing for final judgment in the event of the defendant's failure within twenty days to answer and pay the costs. From this interlocutory judgment the defendant appealed ; after the expiration of twenty days, no answer having been served, the plaintiff moved for final judgment of foreclosure. The appellant appeared on said motion and presented affidavits showing the aforesaid facts. A final judgment of foreclosure, however, was rendered from which the defendant appeals, giving notice of intention to bring up for review also the interlocutory judgment.

The first point urged for reversal of the judgment appealed from is that it was entered in violation of the order staying all proceedings of the plaintiff in the action except the trial of the issue of law raised by the demurrer. No order directing the entry of final judgment is found in the record, and while we are of opinion that

the entry of final judgment violated the terms of the stay that question cannot be raised by an appeal from the judgment.

We can, however, review the interlocutory judgment overruling the demurrer. (Code Civ. Proc. § 1301.) The complaint alleges that the mortgage sought to be foreclosed was executed by the defendant William H. Beegle and by Lavinia B., his wife. Lavinia B. is not made a party to the action, and one of the grounds of demurrer is that there is a defect of parties defendant in that respect. The wife of a mortgagor who joins in the execution of the mortgage is a necessary party defendant to the complete determination of the matters involved in a mortgage foreclosure. It is alleged in the complaint that the appellant has or claims some interest in or lien upon the mortgaged premises or some part thereof which is subject and subordinate to the lien of the said mortgage. If this be true she has an interest in having every person present whose presence is necessary to enable a purchaser at foreclosure sale to get good title. The learned court at Special Term overruled the demurrer upon the ground that " the court cannot presume that the mortgagor Lavinia Beegle continues to have an interest in the premises." There is no allegation in the complaint that Lavinia Beegle is still living or that she has not released her dower interest, but for the purpose of a demurrer the usual presumption of life arises. (*Sullivan* v. *N. Y. & R. C. Co.*, 119 N. Y. 348, and cases cited.) The elementary rule as to the presumption of a continuance of a state of facts once shown to exist is quoted with approval by Judge VANN in *City of Cohoes* v. *D. & H. C. Co.* (134 N. Y. 407) as follows : " When the existence of a person, a personal relation, or a state of things is once established by proof, the law presumes that the person, relation or state of things continues to exist as before until the contrary is shown or until a different presumption is raised from the nature of the subject in question."

There is certainly no fact alleged in the complaint to overcome the presumption that the life of Lavinia B. Beegle and her inchoate right of dower continue to exist, and certainly no contrary presumption can be raised " from the nature of the subject."

It follows, therefore, that the court erred in overruling the demurrer. The final and interlocutory judgments appealed from should be reversed, with costs, and the defendant's demurrer sus-

tained, with costs, with leave to the plaintiff to amend his complaint within twenty days upon payment of costs.

HIRSCHBERG, P. J., BARTLETT and WOODWARD, JJ., concurred; HOOKER, J., not voting.

Judgments reversed, with costs, and defendant's demurrer sustained, with costs, with leave to the plaintiff to amend his complaint within twenty days upon payment of costs.