THIRD NATIONAL BANK OF ST. LOUIS, Respondent, *v.* JOHN CECIL GRAHAM, Appellant.

First Department, November 3, 1916.

Pleading — action on contract of guaranty — parties defendant — demurrer — presumptions — when allegation in answer as to omitted parties defendant necessary.

All parties jointly liable on the same instrument must be joined in an action thereon, unless some of them are bankrupt, dead or without the jurisdiction of the court.

Hence, a complaint in an action upon a contract of guaranty signed by the defendant and others in which it is not alleged that the others are within one of the exceptions to the general rule, is demurrable for a defect of parties defendant.

The defendant in such a case is entitled to have all persons jointly liable with him made parties defendant, unless it affirmatively appears that they cannot be joined.

In such a case the usual presumption of life applies, and there is no presumption that the omitted defendants are either non-residents or insolvent.

It is only where it is not disclosed by the complaint that there are omitted parties who are necessary to the determination of the cause that it is necessary to allege such facts in the answer.

APPEAL by the defendant, John Cecil Graham, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of February, 1916, as amended by an order entered in said clerk's office on the 25th day of February, 1916, overruling a demurrer to the complaint.

The hearing was brought on as a contested motion and leave was granted to plead over.

---

*Jacob Schechter*, for the appellant.

*John F. Carew*, for the respondent.

PAGE, J.:

The complaint alleges a contract of guaranty, in writing, signed by the defendant and nine other persons. The action is brought against the defendant Graham alone. The second ground of the demurrer is that it appears from the face of the complaint that there is a defect of parties defendant, in that the plaintiff has not made the other nine persons defendants in the action. The contract is the joint obligation of the ten persons who signed it, and the rule is well settled that all the parties jointly liable on the same instrument must be joined in an action thereon. The exceptions to the rule are that if any of the persons are bankrupt, dead or without the jurisdiction of the court, they need not be joined. It appears upon the face of the complaint that the obligation was joint, and in order to show a right of action in this court as against one alone, it was necessary for the plaintiff to allege that the others were within one of the exceptions to the general rule, and there being no such allegation, it appears upon the face of the complaint that there is a defect of parties defendant. (*Sullivan* v. *N. Y. & R. C. Co.*, 119 N. Y. 348, 356; *Franklin* v. *Beegle*, 102 App. Div. 412.) The usual presumption of life applies, and there is no presumption that the omitted defendants are either non-residents or insolvent. The defendant is entitled to have all persons shown to be jointly liable with him made parties defendant, unless it affirmatively appears that they cannot be joined. It is only where it is not disclosed by the complaint that there are omitted parties who are necessary to the determination of the cause that it is necessary to allege such facts in the answer.

The order should be reversed, with ten dollars costs and disbursements to the appellant, and the demurrer sustained, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days upon payment of said costs.

CLARKE, P. J., LAUGHLIN, SCOTT and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to plaintiff to amend on payment of costs.