Owen McGivern, J.
Defendant moves (1) to dismiss the complaint for insufficiency, (2) to require the separate causes of action to be separately stated and numbered, and (3) to require the joinder of an additional party defendant.
The complaint alleges a lease by plaintiff’s assignor of a hotel to defendant and one Guarino, a written agreement by defendant and Guarino, simultaneously with the execution of the lease, to buy certain supplies and their refusal to pay therefor, an agreement on their part, made at the same time, to pay for certain insurance policies transferred to them, and their failure to pay therefor.
The complaint is not subject to dismissal for insufficiency. Due performance need not be alleged in hcec verba under rule 92 of the Buies of Civil Practice where, as here, performance is alleged of everything plaintiff’s assignor was required to perform under the terms of the alleged agreements.
*485 The separate causes of action should be separately stated and numbered. It appears from the face of the complaint that the agreement as to supplies was separate from the agreement as to insurance. The former agreement was in writing and a copy thereof is annexed to the complaint. An inspection thereof discloses no reference to insurance. Whether the agreement as to insurance was oral or written is not alleged. Different defenses may be available as to each agreement and orderly procedure will be facilitated by service of an amended pleading separately stating the two causes of action.
The motion to require the joinder of Guarino as an indispensable party is denied without prejudice to renewal after an amended complaint is served. Defendant claims the agreements alleged imposed joint liability on him and Guarino. Plaintiff claims the liability was several and that, in any event, as appears from the answering affidavit, Guarino is a nonresident not amenable to suit in New York. A nonresident joint debtor need not be made a party (Brown v. Birdsall, 29 Barb. 549, 551 [1859]), but the fact of nonresidence must appear on the face of the complaint (Third Nat. Bank of St. Louis v. Graham, 174 App. Div. 503, 504 [1st Dept., 1916]). The instant complaint contains no allegation as to Guarino’s residence or amenability. Since an amended complaint must be served in any event, it may be that it will clearly show that Guarino is not an indispensable party, either because he and defendant are liable severally rather than jointly or because he is without the jurisdiction. If the amended complaint fails to allege sufficient facts to show that Guarino is not indispensable, the motion may be renewed.
Accordingly, the motion is granted to the extent of requiring the plaintiff to serve, within 20 days from service of a copy of this order with notice of entry, an amended complaint which will separately state and number the causes of action, and it is in all other respects denied.