Charles A. Loreto, J.
On the papers submitted on this motion for summary judgment the allegations of the complaint in this action on a promissory note are established beyond dispute and entitle plaintiff to judgment. The opposing affidavit made by defendant Bourne’s attorney is not based on personal knowledge, but on hearsay, and must be disregarded (Waxman v. Williamson, 256 N. Y. 117; Cohen v. Pannia, 7 A D 2d 886).
The position urged by the trustees is specious. The trustees by a prior order of this court dated December 11, 1959, on their application were permitted as stakeholders, pursuant to subdivision 2 of section 286 of the Civil Practice Act, to deposit and pay into court all moneys to the credit of this action representing net income of the trust for the benefit of the defendant Bourne equivalent to the aggregate sum demanded by plaintiff in his complaint. They now state since such order a levy by a *56 judgment creditor and a warrant of attachment of an attaching creditor have been filed with them, which may have priority as against the assignment of the trust income previously filed with the trustee by plaintiff’s assignor and that these may subject them to double or triple liability for the accrued income on hand and future income as may be earned.
They oppose the motion for summary judgment and maintain that the judgment and attaching creditor are indispensable parties and that judgment cannot be granted unless and until plaintiff joins them in the action. Indispensable parties are persons ‘1 whose absence will prevent an effective determination of the controversy or whose interests are not severable and would be inequitably affected by a judgment rendered between the parties before the court ” (Civ. Prac. Act, § 193). Although the trustees have not affirmatively moved to bring in the judgment and attaching creditors (Civ. Prac. Act, §§ 192, 193; Rules Civ. Prac., rule 102, subd. 2), these parties do not meet the test of indispensability. “ The test of indispensability is such legal unity of interest or joint connection with relation to the subject matter that a separate action involving less than all such persons should be precluded. * * * The guiding principle is whether the absentees have such interest in the subject matter before the court that their interests must necessarily be passed on if the controversy is to be settled, or whether a determination in their absence will nevertheless have the element of finality for the protection of those before the court ’ ’ (China Sugar Refining Co. v. Andersen, Meyer & Co., 6 Misc 2d 184, 185, cited with approval in Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 401).
It is clear that the creditors mentioned ibv the trustees have no legal unity of interest or joint connection to the subject matter of the litigation and their omission as parties to this suit should not deprive the plaintiff of the relief herein sought.