Clarence J. Henry, J.
The action herein was brought to recover a balance of $1,259.36 (including attorney’s fees), plus interest, alleged to be owing the plaintiff financing corporation on a trust receipt issued by the defendant automobile dealer on March 11, 1960, covering two Dauphine automobiles.
The allegations of the complaint are conceded by the defendant, except for those involved in an affirmative defense contained in the answer — substantially to the effect that the two automobiles, after repossession by the plaintiff following default in payment of an amount owing on them, were misrepresented in the notice of public sale, were sold at a price lower than their market value, and that the sale was not conducted in good faith.
The plaintiff moves for summary judgment, alleging in its affidavit that the sale was conducted in exact accordance with the provisions of the trust receipt and the “ floor plan accommodation ’ ’ agreement under which it was issued; that it was in accordance with the customs and usages of the trade; that due notice thereof was given to the defendant; and that the affirmative defense was interposed in bad faith and to secure delay.
The moving affidavit is open to technical objection, viewed in the light of the strict requirements of subdivision 2 of rule 113 of the Eules of Civil Practice. It is executed by the plaintiff’s attorney who states that he “ has had full charge of [the] action since its inception and is thoroughly conversant with all the details thereof ”. This falls short of alleging knowledge of the facts involved in the affirmative defense, which obviously occurred prior to the commencement of the action. In justification, the attorney alleges that there are no officers of the plaintiff corporation within the county where he resides. Verification of a pleading by attorney is permissible under such circumstances (see High Rock Knitting Co. v. Bronner, 18 Misc. 627, affd. 29 App. Div. 627; Rules of Civ. Prac., rule 99) — and the complaint herein was so verified — but subdivision 2 of rule 113 is more demanding, requiring knowledge of the facts under scrutiny on the part of the affiant whose allegations are relied upon to persuade summary judgment. The defect of the moving affidavit, standing alone, would be regarded as an effective obstacle to the relief sought herein were it not for two salutary considerations: first, the affidavit is based, in *76 principal measure, upon incorporated documentary proof which supports the allegations; and secondly, the defense has not objected to nor questioned the quality of its execution. Under the latter circumstances there is authority indicating that such a technical defect is waived (see 5 Carmody Wait, New York Practice p. 149; Mackenzie v. Rothschild, 267 App. Div. 989).
A different situation prevails with regard to the opposing affidavit. Executed by the defendant’s attorney, it contains no allegation that he has personal knowledge of the matters set forth. It is thus fatally defective. An opposing affidavit by an attorney without personal knowledge of the facts has no probative value and must be disregarded (Di Sabato v. Soffes, 9 A D 2d 297; Cohen v. Pannia, 7 A D 2d 886; Preiss v. Bourne, 24 Misc 2d 55). There was no waiver of this defect; the affidavit was specifically objected to by the plaintiff on this ground.
As the allegations of the moving affidavit are sufficient to warrant summary judgment, and valid opposition has dissolved, the motion on behalf of the plaintiff must be granted, with $10 costs.