CONSTRUCTION MANAGEMENT CORP., Plaintiff, *v.* BROWN & ROOT, INC., et al., Defendants, and Third-Party Plaintiffs. FRED J. EARLY, JR., Co., et al., Third-Party Defendants.

Supreme Court, Special Term, New York County, May 3, 1962.

*Richard Owen* for plaintiff. *Robert M. Morgenthau, United States Attorney for Southern Dist. of N. Y. (Thomas H. Baer* of counsel), for third-party plaintiff. *Havens, Wandless, Stitt & Tighe (Robert L. Tofel* and *Joseph O. Giaimo* of counsel), for Fidelity and Casualty Co. of New York, third-party defendant.

MORRIS E. SPECTOR, J.   Motion for an order to bring a third-party defendant into the action on the ground it is an indispensable party is denied.

Plaintiff Construction Management Corp. (hereinafter referred to as CMC), together with Fred J. Early, Jr., Co. (hereinafter referred to as Early), a California corporation, and a Spanish firm were a combined enterprise in performing a subcontract in the building of a United States air base in Spain. Brown-Raymond-Walsh (hereinafter referred to as BRW), the defendant and third-party plaintiff, was the prime contractor. BRW wished to make final payment, but knowing of a dispute within the combined enterprise, would make payment to the representative of the combined enterprise only after Early and an acceptable surety bound themselves, jointly and severally, to defend BRW against claims or actions arising from the final payment.   The surety bond was supplied by third-party defendant, Fidelity and Casualty Company of New York (hereinafter referred to as Fidelity) and binds Fidelity and Early as surety and principal, respectively, to save the United States and BRW harmless from all claims, etc., by reason of the failure of CMC to release BRW from liability for payments made under the subcontract.

CMC sues BRW for its share of the payment made by BRW to the combined enterprise.   BRW instituted the third-party action against Fidelity and Early for the same amount of money demanded by CMC since it was to guard against such actions as the principal action herein that BRW demanded and received the surety bond.   Early has not been served due to the fact that it is a California corporation.

Early is not an indispensable party (*Sillman* v. *Twentieth Century-Fox Film Corp.,* 3 N Y 2d 395; *Preiss* v. *Bourne,* 24 Misc 2d 55).   The effective determination of the controversy can be had without its presence.   The bond is a joint and several obligation and Fidelity could have been sued separately (*Douglass* v. *Ferris,* 138 N. Y. 192, 207).

'' A party when sued upon his obligation cannot avail himself of an independent cause of action existing in favor of his principal against the plaintiff as a defense or counterclaim.   It is for the principal to determine what use he will make thereof and the surety has no control over him in this respect '' (*Elliott* v. *Brady,* 192 N. Y. 221, 226).

'' A distinction is sometimes made between cases where the surety is sued alone and those where he is sued together with his principal.   But it is difficult to see how the fact that the principal is joined with the surety is material.   If so, the rights

of the parties depend upon the form of the action and the will of the plaintiff. For the latter cannot be compelled to bring in the principal as a defendant in an action brought by him to obtain a money judgment'' (*Ettlinger* v. *National Sur. Co.*, 221 N. Y. 467, 471).

While Early might be held to be a conditionally necessary party, it cannot be brought in because it is not subject to the jurisdiction of the court, being a California corporation (Civ. Prac. Act, § 193, subd. 2; *Sillman* v. *Twentieth Century-Fox Corp.*, supra; *Keene* v. *Chambers*, 271 N. Y. 326, 330; *Silberfeld* v. *Swiss Bank Corp.*, 266 App. Div. 756).

Further, even if Early was a joint obligor it need not be made a party, where, as here, the fact of nonresidence appears on the face of the complaint (*Crehan* v. *Megargel*, 234 N. Y. 67, 84; *Third Nat. Bank of St. Louis* v. *Graham*, 174 App. Div. 503, 504; *Ungar* v. *Horowitz*, 20 Misc 2d 484).