**HARRELL AND SUMNER CONTRACTING COMPANY, INC., a Georgia Corporation, Plaintiff-Appellant,**

v.

**PEABODY PETERSEN COMPANY, an Illinois Corporation, et al., Defendants-Third-Party Plaintiffs-Appellees,**

Evans Construction Company, a Division of Moore Pipe and Springler Co., a Corp., et al., Third-Party Defendants.

No. 76–2885

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 11, 1977.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Benjamin W. Redding, Panama City, Fla., for Sverdrup & Parcel Assoc., Inc. and Register & Cummings Engs., Inc.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff, Harrell & Sumner Contracting Co., Inc., appeals the district court's dismissal of this cause for lack of diversity jurisdiction. 415 F.Supp. 573. The district court held that Tackett Construction Company, Inc., whose presence would destroy diversity of citizenship between the parties, was an indispensable party to the lawsuit as a joint venturer with plaintiff. It further held that the assignment from Tackett to plaintiff whereby Tackett retained a one-half interest in the proceeds was ineffective to bestow jurisdiction on the district court. 28 U.S.C.A. § 1359. We affirm.

Plaintiff originally brought this action for the cost of extra work plaintiff and Tackett were required to perform on a waste water treatment center for the City of Port St. Joe, Florida. One month prior to the institution of this lawsuit, Tackett, by written contract, assigned to plaintiff "all of its right, title, interest, claim, demand, causes of action or chose in action which it has or may have . . . by right of its joint venture" with plaintiff against defendant. The assignment was made "in consideration of one-half of the net proceeds of any recovery, after payment of attorneys' fees and costs."

The first issue presented by this appeal is whether, absent the assignment, Tackett as a joint venturer with plaintiff was an indispensable party to the lawsuit. See Rule 19(a), Fed.R.Civ.P. The question of joinder in a diversity case is one of federal law. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 125 n.22, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). The rule generally applied by federal courts

G. Gerald Kunes, Tifton, Ga., for plaintiff-appellant.

Lawrence M. Watson, Jr., Orlando, Fla., for Peabody Petersen Co.

Dewey R. Villareal, Jr., Tampa, Fla., for Orfino & Co.

Lynn C. Higby, Panama City, Fla., for St. Joe Paper Co.

is where two or more parties are joint obligees, they are indispensable parties in an action for enforcement of that obligation. *Bry-Man's, Inc. v. Stute,* 312 F.2d 585, 587 (5th Cir. 1963); 3A Moore's Federal Practice ¶ 19.11 at 2361 (1974). In the instant case, any obligation which might be owed by defendants would be owed to plaintiff and Tackett jointly pursuant to the terms of their contract with Peabody. Also, the rights, duties, and liabilities of plaintiff and Tackett's joint venture are governed, in general, by principles of partnership law. *Russell v. Thielen,* 82 So.2d 143 (Fla.1955); 46 Am.Jur.2d *Joint Ventures* §§ 4, 57 (1969). Federal courts have held that in an action brought on a partnership contract, all members of the partnership are indispensable parties plaintiff. *Grant County Deposit Bank v. McCampbell,* 194 F.2d 469 (6th Cir. 1952); *Charne v. Essex Chair Co.,* 92 F.Supp. 164 (D.N.J.1950); *see Purcel v. Wells,* 236 F.2d 469 (10th Cir. 1956). Accordingly, absent the assignment, Tackett was an indispensable party to this lawsuit.

Because joinder of Tackett, a Florida corporation, would destroy the subject matter jurisdiction of the district court, Rule 19(b), Fed.R.Civ.P., requires the court to determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed" by considering the four factors enumerated in the rule. The district court found that because of the availability of an adequate remedy in state court, and because of the possibility of a second suit by Tackett alone with an inconsistent result, the suit should not proceed with the parties before the court absent an assignment of Tackett's cause of action. Such a result is consistent with this Court's decision in *Bry-Man's, Inc. v. Stute, supra,* in which plaintiff's case was dismissed for failure to join a joint obligee as an indispensable party.

■ Having decided that absent an assignment this action would have to be dismissed, the next question is whether the assignment by Tackett to plaintiff was effective to divest Tackett of its interest in the litigation so as to render its non-joinder proper. 28 U.S.C.A. § 1359 states that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." In *Caribbean Mills, Inc. v. Kramer,* 392 F.2d 387 (5th Cir. 1968), *aff'd,* 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969), this Court held that an assignment that did not divest the assignor of his interest in the recovery and was made for the purpose of creating diversity of citizenship was "improper or collusive" within the meaning of 28 U.S.C.A. § 1359. The Supreme Court, affirming the Fifth Circuit's decision, noted that the purpose underlying § 1359 was to prevent the "manufacture of Federal jurisdiction" by assignments which are easy to arrange and involve few disadvantages for the assignor. 394 U.S. at 828–829, 89 S.Ct. 1487. In this case, Tackett did not divest itself of its interest in the recovery for it specifically retained in the assignment contract a right to one-half of the proceeds. In effect, Tackett assigned a one-half interest in the litigation, receiving as consideration for the assignment a one-half interest in the litigation. Under the standard enunciated in *Caribbean Mills,* this lack of economic substance to the assignment along with the district court's finding that the reasons for the assignment were legal and tactical was tantamount to a finding that the assignment was "improper or collusive" within the meaning of § 1359, a device to manufacture federal jurisdiction. Section 1359 explicitly provides that the district court shall not have jurisdiction under such circumstances.

■ In response to plaintiff's contention that defendants' motion to dismiss was not timely filed, we note briefly that under Rule 12(h)(3), Fed.R.Civ.P., the defense of lack of subject matter jurisdiction may be raised at any time by motion of a party or otherwise. 3A Moore's Federal Practice ¶ 19.19, at 2581–2582, 2585 (1974).

AFFIRMED.