Mrs. Patsy **LEWIS,** Natural Mother & Adult Next Friend of Roland C. Lewis, Jr., a Minor & Patsy J. Lewis, Guardian of Roland C. Lewis, Jr., a Minor, Plaintiff-Appellant,

v.

Dr. Thomas M. **HOLDEN,** M.D., and Dr. Charles M. Head, M.D., Defendants-Appellees.

No. 86–4282.

United States Court of Appeals, Fifth Circuit.

July 13, 1987.

---

James W. Nobles, Jr. and C.R. McRae, Jackson, Miss., for plaintiff-appellant.

Steen, Reynolds, Dalehite & Currie, Whitman B. Johnson, III and Jimmie B. Reynolds, Jr., Jackson, Miss., for Dr. Thomas M. Holden, M.D., Lakeland Clinic.

Wise, Carter, Child & Caraway, George Q. Evans and Douglas E. Levanway, Jr., Jackson, Miss., for Dr. Charles M. Head, M.D.

Before THORNBERRY, REAVLEY and POLITZ, Circuit Judges.

THORNBERRY, Circuit Judge:

### Facts

Mrs. Patsy Lewis, the natural mother, adult next friend, and guardian of Roland C. Lewis, Jr., sued Drs. Thomas Holden and Charles Head for the negligent delivery of Roland Lewis, Jr. A jury returned a verdict in favor of Drs. Holden and Head, and Mrs. Lewis now appeals. We affirm.

For our purposes the facts are simple. Dr. Holden delivered Roland Lewis, Jr. in June 1975. For various reasons, Dr. Holden used forceps to aid the delivery. The forceps caused visible bruises and swelling on the baby's face. Several months later the Lewises discovered that their child had cerebral palsy. Mrs. Lewis claims that Dr. Holden negligently used the forceps and caused their child's cerebral palsy.

### Rule 19(b)

After losing before the jury, Mrs. Lewis now argues that the district court lacked subject matter jurisdiction. Mrs. Lewis sued Drs. Holden and Head in Mississippi. At the time Mrs. Lewis filed suit, the Lewis family resided in Florida. Drs.

Holden and Head were both citizens of Mississippi, and the district court therefore had diversity jurisdiction of Mrs. Lewis' lawsuit. In addition to suing on behalf of her child in federal court, Mrs. Lewis, joined by her husband, Roland Lewis, Sr., also sued Drs. Holden and Head in Mississippi state court. In their state court suit, Mr. and Mrs. Lewis sued in their individual capacities for their damages caused by the injury to their son. Although there was some overlap, the federal lawsuit generally sought the Lewis child's damages and the state lawsuit sought his parents' damages.

In December 1985, Drs. Holden and Head moved to have Mr. and Mrs. Lewis in their individual capacities joined as parties in the federal court suit. Drs. Holden and Head argued that they might face inconsistent federal and state court judgments unless Mr. and Mrs. Lewis were joined in the federal court suit. After a hearing on jurisdiction and the joinder motion, the district court first determined under Federal Rule of Civil Procedure 19(a) that Mr. and Mrs. Lewis should be joined if feasible. The district court next noted, however, that joinder of Mr. and Mrs. Lewis would deprive the court of subject matter jurisdiction because they had moved back to Mississippi and were citizens of that state at the time of the joinder motion. Consequently, the district court proceeded under Federal Rule of Civil Procedure 19(b) to determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."

The court recited the four factors to consider in deciding whether to dismiss the action under Rule 19(b) and decided to proceed without joining Mr. and Mrs. Lewis. In reaching that decision, the district court relied on an assignment by Mr. and Mrs. Lewis to their son. That assignment transferred the rights in Mr. and Mrs. Lewis' cause of action to their son.

Mrs. Lewis now argues that the district court improperly relied on that assignment and should have dismissed the case. Title 28 U.S.C. section 1359 states:

A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

In *Harrell & Sumner Contracting Co. v. Peabody Petersen Co.*, plaintiff sued defendant on a contract. 546 F.2d 1227 (5th Cir.1977). One month before trial, plaintiff's joint venturer on the contract assigned his interest in the contract action to plaintiff in return for one half of the net proceeds of any recovery. The Fifth Circuit held the assignment invalid under section 1359. Without the assignment, the joint venturer was an indispensable party, and the district court properly dismissed the action instead of proceeding without the joint venturer. *Id.* at 1229.

Although this case resembles *Harrell,* we find several reasons for affirming the district court's decision. First, in *Harrell,* the defendant objected to nonjoinder before the district court, the district court dismissed the action, and we affirmed. Here the defendant objected to nonjoinder, the district court proceeded without joining Mr. and Mrs. Lewis, and Mrs. Lewis, the plaintiff, now complains.

Rule 19(b) is not intended to exclude considerations, not enumerated, that are applicable in a particular case.... Pragmatic and equitable considerations control the Rule 19(b) analysis. Indispensability is a conclusory term, applied to a particular party only after the court has examined the enumerated factors and others relevant to the facts of a particular case in the light of "equity and good conscience."

*Lone Star Industries, Inc. v. Redwine,* 757 F.2d 1544, 1551–52 (5th Cir.1985). The strongest reason for joining Mr. and Mrs. Lewis was to protect Drs. Holden and Head from inconsistent state and federal court judgments. We would not serve that reason by now dismissing the action. Drs. Holden and Head have already won in federal court. Throwing out the judgment in their favor now would make it more likely rather than less likely that they would have

to defend themselves a second time on the same facts.

In addition, we note two additional reasons that support the district court's decision in the first instance. Even without the assignment, Mr. and Mrs. Lewis are estopped to bring their claim. In *Lane v. Webb*, the Mississippi Supreme Court stated, "[W]here the father ... brings a suit as next friend of his minor child, he waives in the child's favor his right to recover the expenses of medical and hospital treatment, and is thereafter estopped to claim them in a separate suit." 220 So.2d 281, 285 (Miss.1969). Drs. Holden and Head never faced the possibility of losing in state court after winning in federal court. Moreover, although Mr. and Mrs. Lewis are now estopped to bring their own suit, that suit was originally a separate cause of action from the lawsuit on behalf of their child. *See* 67A C.J.S. *Parent & Child* §§ 137–38 (1978). In such a case, dismissal under Rule 19(b) is unnecessary. *See, e.g., Sove v. Smith*, 311 F.2d 5 (6th Cir.1962) (wife need not be joined in husband's suit for personal injuries because she has separate and independent suit for loss of consortium); 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 1623 at 349–50 (1986). Even without the assignment, the district court could have proceeded without joining Mr. and Mrs. Lewis. We therefore affirm the district court's decision under Rule 19(b) without reaching the validity of the assignment under section 1359.

### Other Claims

■ Mrs. Lewis argues that the instruction to the jury misstated the Mississippi law of negligence. Reading the charge as a whole, we disagree. *See Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1178 (5th Cir.1982), *vacated on other grounds*, 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983). The charge clearly stated an objective standard: "The Court instructs the jury that Dr. Thomas Holden was required to act within the standard of care required of minimally competent obstetricians." In addition, the charge clearly instructed the jury to evaluate Dr. Hol-

den's actual use of the forceps in addition to his decision to use forceps:

The Court instructs the jury that if you believe ... that during the delivery of Roland C. Lewis, Jr., the defendant Thomas Holden ... exerted undue force on the head of Roland C. Lewis with forceps ..., and if you further find that such acts or failures, if any, or any one of them, if any, violated the standard of care required of minimally competent obstetricians, then Thomas Holden was negligent....

The charge correctly stated the applicable Mississippi law. *See Hall v. Hilbun*, 466 So.2d 856 (Miss.1985).

■ Mrs. Lewis next complains that the trial court should have specifically questioned potential jurors about an advertising campaign conducted by insurance groups advocating tort reform in Mississippi. Instead, the court asked general questions about bias and whether the potential jurors had heard or read anything that would influence their verdict. Under Federal Rule of Civil Procedure 47(a), the content of jury voir dire is in the trial court's discretion. The district court correctly noted that in Mississippi, any mention of insurance coverage is grounds for a mistrial. Understandably reluctant to mention insurance, the district court relied instead on general questions to detect bias or inappropriate influence. The district court acted well within its discretion in conducting the voir dire. *See Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 257 (5th Cir. 1985).

■ Finally, Mrs. Lewis half-heartedly attacks the sufficiency of the evidence and the refusal of the district court to excuse for cause two jurors that worked in the medical industry. Ample evidence supports the verdict, and the district court acted within its discretion in denying the motion for new trial. *See Dixon v. International Harvester Company*, 754 F.2d 573, 586 (5th Cir.1985). The district court also acted within its discretion in not excusing the two jurors for cause. *Cf. Dunn v. Sears, Roebuck & Co.*, 639 F.2d 1171, 1176

(5th Cir.) (in products liability case, district court within its discretion in not excusing prospective jurors who worked in insurance industry), *opinion corrected*, 645 F.2d 511 (1981).

### Conclusion

We affirm the district court's decision to proceed without joining Mr. and Mrs. Lewis in their individual capacities. In addition, we find no merit in Mrs. Lewis' substantive claims.

AFFIRMED.